■ Carolyn Augeri, Respondent, v Harold Massoff et al., Defendants, and Smithtown General Hospital, Appellant. (And a Third-Party Action.)—In an action to recover damages for medical malpractice, the defendant Smithtown General Hospital appeals, as limited by its brief, from so much of an

order of the Supreme Court, Suffolk County (Gowan, J.), dated May 21, 1986, as denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The movant, the defendant Smithtown General Hospital, did not meet its burden of setting forth evidentiary proof in admissible form to establish its defense sufficiently to entitle it to judgment as a matter of law.

The hearsay allegations of the defense counsel regarding the plaintiff's relationship with the treating physicians, the defendants Massoff and Lipton, lacks probative value *(see, Fisher v Kavoussi,* 90 AD2d 597), and the appellant's Associate Administrator's denial of an employer-employee relationship between it and the defendants Massoff and Lipton is insufficient to show that vicarious liability cannot be imposed upon the appellant for these physicians' alleged acts of negligence *(see, Felice v St. Agnes Hosp.,* 65 AD2d 388).

Furthermore, the affidavit of the appellant's medical expert fails to address and rebut all of the acts of malpractice alleged against the appellant by the plaintiff. Neither the affidavit of this expert nor excerpts submitted from Dr. Massoff's deposition negate the plaintiff's claim that radiologists employed by Smithtown General Hospital negligently failed to take accurate and adequate X rays and negligently misread X rays purportedly showing angulation and misalignment of the fracture. Since the appellant did not meet its burden, the court did not err in denying its motion for summary judgment, regardless of the insufficiency of the opposition papers *(see, Coley v Michelin Tire Corp.,* 99 AD2d 795). Thompson, J. P., Brown, Rubin and Harwood, JJ., concur.