■ JOSEPH DI ROSARIO, Respondent-Appellant, v CAROL WILLIAMS, Defendant and Third-Party Plaintiff-Appellant-Respondent. CITY OF YONKERS et al., Third-Party Defendants-Respondents-Appellants. [714 NYS2d 310] —In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Barone, J.), entered August 30, 1999, as denied her motion for summary judgment dismissing the complaint, the plaintiff cross-appeals, as limited by his brief, from so much of the same order as denied his cross motion for partial summary judgment on the issue of liability, and the third-party defendants separately cross-appeal from the same order.

Ordered that the cross appeal by the third-party defendants is dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The plaintiff was injured when he was allegedly attacked by a Rotweiller dog owned by the defendant third-party plaintiff, Carol Williams, which caused him to fall into the street where he was struck by a truck. In his complaint, he seeks to recover damages on theories of both strict liability in tort and common-law negligence. After a note of issue was filed, the case was marked off the trial calendar. When additional discovery was completed, the plaintiff filed a new note of issue. Williams then moved for summary judgment. Contrary to the plaintiff's contention, Williams' motion, made within 120 days after filing of the new note of issue, was timely (*see,* CPLR 3212 [a]; *Kampf v Bank of N. Y.*, 259 AD2d 439).

The Supreme Court properly denied Williams' motion for summary judgment dismissing the complaint and the plaintiff's cross motion for partial summary judgment on the issue of liability on his cause of action based on a theory of strict liability in tort. There are issues of fact as to whether the dog had vicious propensities and, if so, whether Williams knew or

should have known of those propensities (*see, Marino v Assogna,* 268 AD2d 569). Further, Williams' motion papers did not address the plaintiff's allegations regarding common-law negligence and therefore did not establish, prima facie, her entitlement to judgment as a matter of law with respect to that cause of action. O'Brien, J. P., Altman, Krausman and Schmidt, JJ., concur.