■ DORANN PUTNAM JOHNSON et al., Respondents, v EDWARD L. LADIN, Appellant. [794 NYS2d 441]—In action, inter alia, to recover damages for dental malpractice, etc., the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Jamieson, J.), entered January 29, 2004, as denied that branch of his motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs commenced this action, inter alia, to recover damages for dental malpractice and loss of consortium alleging, among other things, that the defendant's treatment of the injured plaintiff deviated from good and accepted dental practice. The defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion. We affirm.

Contrary to the Supreme Court's determination, the defendant's motion, made well within 120 days after the filing of the new note of issue, was timely (*see* CPLR 3212 [a]; *Alexander v City of New York*, 277 AD2d 334 [2000]; *Di Rosario v Williams*, 276 AD2d 583 [2000]; *see also Brill v City of New York*, 2 NY3d 648 [2004]). However, the defendant failed to establish a prima facie case in support of his motion for summary judgment. The affidavits submitted in support of that motion did not address the specific allegations of malpractice set forth in the plaintiffs' verified bill of particulars (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Drago v King*, 283 AD2d 603, 604 [2001]). Accordingly, it is unnecessary to consider whether the plaintiffs'

papers in opposition were sufficient to raise a triable issue of fact (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

The defendant's remaining contentions are without merit. Adams, J.P., Ritter, Mastro and Rivera, JJ., concur.