■ EDWARD TICALI, JR., Respondent, v SANTA LOCASCIO, Appellant. [804 NYS2d 688]—In an action to recover damages for dental malpractice, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated January 12, 2005, as denied her cross motion for summary judgment dismissing the complaint with leave to renew upon the completion of discovery.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied the defendant's cross motion for summary judgment with leave to renew upon the completion of discovery (*see Caracci v McChesney,* 196 AD2d

522 [1993]). The defendant sought summary judgment after the plaintiff moved for leave to file a late notice of dental malpractice pursuant to CPLR 3406 (a). No preliminary conference had been held and no discovery had been conducted before the filing of the motion and the cross motion.

Information about relevant matters exclusively within the defendant's knowledge had not been explored in discovery. As such, the cross motion was premature (*see Whelan v Port Auth. of N.Y. & N.J.,* 19 AD3d 483 [2005]; *Magee v County of Suffolk,* 14 AD3d 664 [2005]; *181 S. Franklin Assoc. v Y & R Assoc.,* 6 AD3d 594 [2004]; CPLR 3212 [f]). In any event, the defendant's affidavit in support of her cross motion failed to address and rebut all of the acts of malpractice alleged in the complaint and the bill of particulars (*see Johnson v Ladin,* 18 AD3d 439 [2005]; *Augeri v Massoff,* 134 AD2d 307 [1987]). Accordingly, the defendant did not establish her prima facie entitlement to summary judgment (*see Johnson v Ladin, supra; Augeri v Massoff, supra*). Goldstein, J.P., Skelos, Fisher and Lunn, JJ., concur.