■ PAUL TERRANOVA et al., Appellants, v JAMES N. FINKLEA, Respondent. [845 NYS2d 389]—

In an action, inter alia, to recover damages for dental malpractice, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), dated April 24, 2007, as granted that branch of the defendant's motion which was for summary judgment dismissing the first cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the first cause of action is denied.

The requisite elements of proof in either a medical or a dental malpractice action are a deviation or departure from accepted standards of practice, and evidence that such departure was a proximate cause of the plaintiff's injury (*see DiGiaro v Agrawal*, 41 AD3d 764, 767 [2007]; *Keevan v Rifkin*, 41 AD3d 661, 662 [2007]; *Clarke v Limone*, 40 AD3d 571 [2007]; *Calabro v Hescheles*, 22 AD3d 622 [2005]; *Williams v Sahay*, 12 AD3d 366, 368 [2004]). Thus, on a motion for summary judgment, the defendant doctor or dentist has the initial burden of establishing the absence of any departure from good and accepted practice, or that the plaintiff was not injured by any departure (*see DiGiaro v Agrawal*, 41 AD3d at 764; *Keevan v Rifkin*, 41 AD3d at 661; *Williams v Sahay*, 12 AD3d at 366). To sustain this burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's bill of particulars (*see Ward v Engel*, 33 AD3d 790, 791 [2006]; *Ticali v Locascio*, 24 AD3d 430, 431 [2005]; *Johnson v Ladin*, 18 AD3d 439 [2005];

*Berkey v Emma*, 291 AD2d 517, 518 [2002]; *Drago v King*, 283 AD2d 603, 603-604 [2001]).

Here, the defendant failed to make a prima facie showing of entitlement to summary judgment dismissing the plaintiffs' first cause of action, which is predicated upon dental malpractice. The affirmation of the defendant's expert offered only a conclusory opinion that the defendant appropriately recommended extraction of the subject tooth, and did not address the specific claims in the plaintiffs' verified bill of particulars that an effort should have been made to save the tooth with endodontic therapy, and that a fixed rather than a removable dental prothesis should have been installed. Accordingly, that branch of the defendant's motion which was for summary judgment dismissing the first cause of action should have been denied without considering the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Ward v Engel*, 33 AD3d 790 [1969]; *Johnson v Ladin*, 18 AD3d 439 [2005]). Miller, J.P., Ritter, Covello and McCarthy, JJ., concur.