■ Kenyanta Grant, Appellant, v Hudson Valley Hospital Center et al., Respondents. [866 NYS2d 726]—

In an action to recover damages for medical malpractice, the plaintiff appeals, as limited by oral argument, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered May 22, 2007, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Anthony Lopes.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Anthony Lopes is denied.

"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact . . . Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *see Terranova v Finklea,* 45 AD3d 572, 573 [2007]; *Kuri v Bhattacharya,* 44 AD3d 718 [2007]). Furthermore, bare allegations which do not refute the specific factual allegations of medical malpractice in the bill of particulars are insufficient to establish entitlement to judgment as a matter of law (*see Berkey v Emma,* 291 AD2d 517, 518 [2002]; *Drago v King,* 283 AD2d 603, 603-604 [2001]; *see also Terranova v Finklea,* 45 AD3d 572 [2007]; *Kuri v Bhattacharya,* 44 AD3d 718 [2007]).

In this action to recover damages for medical malpractice, the defendant Anthony Lopes failed to make a prima facie showing of his entitlement to summary judgment dismissing the complaint insofar as asserted against him. The affirmation of

the defendants' expert offered only a conclusory opinion that Lopes acted in conformity with good and accepted medical procedures, and did not address specific claims in the plaintiff's verified bill of particulars that Lopes failed to properly safeguard her from sustaining intestinal injuries, and that her injuries were a direct result of adhesions of the small bowel distal ileum to the anterior abdominal wall that were caused by Lopes's actions. Accordingly, that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Lopes should have been denied without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d at 853; *Terranova v Finklea,* 45 AD3d at 573; *Kuri v Bhattacharya,* 44 AD3d at 718). The parties' remaining contentions have therefore been rendered academic. Spolzino, J.P., Ritter, Dillon and Dickerson, JJ., concur.