Daniel Francis, Respondent, v Dav Mishra, Appellant.
[875 NYS2d 219]—

In an action to recover damages for dental malpractice, the defendant appeals from an order of the Supreme Court, Kings County (Dabiri, J.), dated April 1, 2008, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff was examined and treated by the defendant dentist several times between April 2005 and September 2005. During those visits the plaintiff complained of, inter alia, oral pain and bleeding, and the swelling of his gums, tongue, mouth, and face. In December 2005 the plaintiff saw a different dentist, who directed him to obtain a biopsy. In February 2006 the plaintiff was diagnosed with Stage IV squamous cell carcinoma of the mouth. In March 2006 he underwent surgery that required, among other things, removal of parts of his tongue, the floor of his mouth and his mandible, and some of the lymph nodes in his neck. The plaintiff also required reconstruction of his mandible with a bone graft and prosthesis, and a course of chemotherapy and radiation. The plaintiff commenced this action to recover damages for dental malpractice alleging, inter alia, that the defendant was negligent in failing to diagnose his oral cancer. The defendant moved for summary judgment on the ground that any dental malpractice committed was not a proximate cause of the plaintiff's damages. The Supreme Court denied the motion. We affirm.

The defendant submitted the affidavit of an expert who opined, to a reasonable degree of medical certainty, that the plaintiff's oral cancer was already a Stage IV squamous cell carcinoma at the time of his April 2005 visit with the defendant, and that even if the cancer had been diagnosed at that time, "the plaintiff's ultimate course of treatment would not have been altered in any way. [The] plaintiff would have still undergone a surgical removal of the growth, chemotherapy and radiation." However, the defendant's expert failed to address whether the delay in diagnosing the cancer impacted upon the extent of the surgery and treatment required, or affected the

plaintiff's prognosis after the surgery and treatment. For example, although the expert opined that the plaintiff would have still "lost a significant portion of his mandibular bone" even if diagnosed in April 2005, he did not expressly address the removal of parts of the plaintiff's tongue. Consequently, the defendant failed to demonstrate, prima facie, that his alleged malpractice was not a proximate cause of any of the plaintiff's alleged damages (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Terranova v Finklea*, 45 AD3d 572 [2007]). Thus, his motion was properly denied regardless of the sufficiency of the plaintiff's opposition papers (*see Terranova v Finklea*, 45 AD3d 572 [2007]). Prudenti, P.J., Ritter, Santucci and Chambers, JJ., concur.