In an action to recover damages for dental malpractice and lack of informed consent, the defendant Sammi Yeung appeals from an order of the Supreme Court, Kings County (Steinhardt, J.), dated January 13, 2009, which denied her motion for summary judgment dismissing the complaint insofar as asserted against her.
Ordered that the order is affirmed, with costs.
The requisite elements of proof in a dental malpractice action are a deviation or departure from accepted standards of dental practice, and that such departure was a proximate cause of the plaintiffs injuries (see Cohen v Kalman, 54 AD3d 307 [2008]; Terranova v Finklea, 45 AD3d 572 [2007]; Posokhov v Oselkin, 44 AD3d 921 [2007]; Keevan v Rifkin, 41 AD3d 661, 662 [2007]). Consequently, on a motion for summary judgment, the defendant dentist has the initial burden of establishing either that he or she did not depart from good and accepted practice, or if there was such a departure, that it was not a proximate cause of the plaintiffs injuries (see Myers v Ferrara, 56 AD3d 78, 83 *643 [2008]; Larsen v Loychusuk, 55 AD3d 560, 561 [2008]; Terranova v Finklea, 45 AD3d 572 [2007]). To sustain this burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiffs bill of particulars (see Larsen v Loychusuk, 55 AD3d at 561; Terranova v Finklea, 45 AD3d 572 [2007]; Ward v Engel, 33 AD3d 790, 791 [2006]; Johnson v Ladin, 18 AD3d 439 [2005]).
The defendant Sammi Yeung (hereinafter the defendant) failed to make a prima facie showing of her entitlement to summary judgment dismissing the first cause of action to recover damages for dental malpractice insofar as asserted against her. In support of her motion, the defendant relied upon the expert affirmation of an oral surgeon, who opined that the defendant’s extraction of the plaintiffs lower right wisdom tooth had not injured the plaintiff’s right lingual nerve. The oral surgeon based this conclusion on the fact that an injury to the lingual nerve causes immediate numbness of the tongue, and the plaintiff complained of pain rather than numbness when he returned to the defendant’s office one to two hours after the extraction. However, the oral surgeon failed to address the issue of whether the anesthesia administered by the defendant prior to the extraction may have impeded the plaintiff’s ability to discern that the right side of his tongue was numb. In addition, while the oral surgeon attributed the plaintiffs lingual nerve injury to emergency measures taken in the hospital to stop the extensive bleeding which the plaintiff experienced after the extraction, he did not acknowledge the defendant’s deposition testimony that she also took measures to stop the bleeding, including applying pressure and injecting epinephrine. The oral surgeon also failed to rebut all of the specific allegations of dental malpractice set forth in the bill of particulars. Furthermore, while the defendant also relied upon the expert affirmation of a hematologist who opined that the extensive bleeding which the plaintiff experienced after the extraction was the result of a bleeding disorder, this expert did not address the contrary conclusion reached by another hematologist whose report was included in the defendant’s submissions.
Additionally, the defendant failed to make a prima facie showing of her entitlement to judgment as a matter of law dismissing the second cause of action to recover damages for lack of informed consent insofar as asserted against her. The deposition testimony which the defendant offered in support of her motion demonstrates that there is a factual dispute as to whether, in accordance with Public Health Law § 2805-d (1), she informed the plaintiff of any of the foreseeable risks, benefits, or alterna *644 tives to the extraction of his wisdom tooth. Moreover, the oral surgeon’s expert opinion that a reasonably prudent patient would not have declined to undergo the extraction if he or she had been informed of the potential complications was conclusory.
In view of the defendant’s failure to sustain her prima facie burden, her motion was properly denied, regardless of the sufficiency of the plaintiffs opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Larsen v Loychusuk, 55 AD3d at 561; Terranova v Finklea, 45 AD3d at 573; Ward v Engel, 33 AD3d at 791). Fisher, J.P., Balkin, Hall and Austin, JJ., concur.