In an action to recover damages for dental malpractice, the defendant Raphaelson Dental Associates appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Rebolini, J.), dated May 7, 2009, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order is affirmed insofar as appealed from, with costs.
The requisite elements of proof in a dental malpractice action are a deviation or departure from accepted standards of dental practice, and evidence that such departure was a proximate cause of the plaintiffs injury (see Koi Hou Chan v Yeung, 66 AD3d 642 [2009]; Terranova v Finklea, 45 AD3d 572 [2007]; Clarke v Limone, 40 AD3d 571 [2007]). Therefore, on a motion for summary judgment, the defendant dentist has the initial burden of establishing the absence of any departure from good and accepted practice, or that the plaintiff was not injured thereby (see Koi Hou Chan v Yeung, 66 AD3d at 642; Terranova v Finklea, 45 AD3d at 572; Williams v Sahay, 12 AD3d 366, 368 [2004]). “To sustain this burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiffs bill of particulars” (Koi Hou Chan v Yeung, 66 AD3d at 643; see Ward v Engel, 33 AD3d 790, 791 [2006]; Johnson v Ladin, 18 AD3d 439 [2005]).
Here, as the Supreme Court correctly determined, the defendant Raphaelson Dental Associates (hereinafter RDA) failed to make a prima facie showing of its entitlement to judgment as a matter of law. RDA’s dental expert relied upon, inter alia, an unsworn dental report by Dr. Jenal and dental records that were not annexed to the motion (see Farmer v City of New York, 25 AD3d 649, 650 [2006]). Moreover, the affidavit of RDA’s dental expert was conclusory, and failed to rebut all of the specific allegations of dental malpractice set forth in the plaintiffs verified bill of particulars (see Terranova v Finklea, 45 AD3d at 572; Ward v Engel, 33 AD3d at 791). The expert affirmation submitted by the defendant Rita Marie Bilello likewise was insufficient to establish RDA’s prima facie entitlement to judgment as a matter of law. Accordingly, the Supreme Court properly denied RDA’s motion, regardless of the sufficiency of the plaintiffs opposing papers (see Winegrad v New York Univ.
*549 Med. Ctr., 64 NY2d 851, 853 [1985]; Koi Hou Chan v Yeung, 66 AD3d at 644). Skelos, J.P., Santucci, Dickerson and Leventhal, JJ., concur.