HEATHER SHARP, Appellant, v FRANK L. WEBER, Respondent. [909 NYS2d 152]—

In an action to recover damages for dental malpractice, the plaintiff appeals from an order of the Supreme Court, Putnam County (O'Rourke, J.), dated May 5, 2009, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

On July 23, 2004, the plaintiff went to a dental clinic at Westchester Medical Center to have two wisdom teeth extracted. She was treated by the defendant, who was the attending oral surgeon, and nonparty Dr. Adam Arnoldt, a resident, who surgically extracted her upper and lower right wisdom teeth.

On July 26, 2004, the plaintiff went to the defendant's private office complaining of severe pain at the extraction sites. The plaintiff stated at her deposition that the defendant packed her upper and lower tooth sockets from which the wisdom teeth were extracted with gauze. The defendant, on the other hand, testified at his deposition that he packed the lower socket, but not the upper socket. The plaintiff never saw the defendant again.

On July 30, 2004, the plaintiff returned to the dental clinic at Westchester Medical Center and, as her chart indicates, another resident, nonparty Dr. Anthony Alessi, packed the lower socket. On August 4, 2004, the plaintiff returned to the dental clinic complaining of pain around the lower extraction site and Dr. Arnoldt removed the packing in that socket. Although the plaintiff and her mother insisted that there was packing in the upper socket, Dr. Arnoldt could not find any.

The plaintiff continued to be treated at the dental clinic for right maxillary sinus pain and earache until September 1, 2004. Despite a panoramic radiograph and exploratory surgery, no evidence of packing in the upper socket was found. On August 23, 2004, the plaintiff expelled a small piece of gauze from her right nostril. On August 25, 2004, the plaintiff expelled a second piece of gauze from her nose. The plaintiff's mother retained one of those pieces of gauze, brought it to the dental clinic, and eventually gave it to the plaintiff's attorney. At his deposition the defendant testified that the gauze the plaintiff expelled was not the type used in his office for packing and that he uses a specific brand of iodoform gauze for packing.

On August 26, 2004, the plaintiff had a CT scan of her sinus; the initial report found that there was an interruption in the sinus floor anterior to the upper extraction site and an area of high density consistent with "blood-soaked gauze" in the plaintiff's right maxillary sinus. However, the report was subsequently revised and the area of high density was described as a blood clot.

Thereafter, the plaintiff went for further treatment to Dr. Daniel Branovan, an ear, nose, and throat specialist, and on October 8, 2004, Dr. Branovan performed a surgical procedure on the plaintiff's sinus and allegedly removed gauze from her right maxillary sinus. The plaintiff had two subsequent surgical procedures on her sinuses. The plaintiff alleges that she suffers from chronic sinus infections and loss of vision in her right eye allegedly as a result of the defendant's negligence in inserting a piece of gauze into her sinus through a hole in the sinus floor above the upper socket and failing to remove it.

The plaintiff commenced this action against the defendant to recover damages for dental malpractice. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. We reverse.

The requisite elements of proof in a dental malpractice action are a deviation or departure from accepted standards of dental practice, and that such departure was a proximate cause of the plaintiff's injuries (*see Koi Hou Chan v Yeung,* 66 AD3d 642

[2009]; *Cohen v Kalman*, 54 AD3d 307 [2008]; *Terranova v Finklea*, 45 AD3d 572 [2007]; *Posokhov v Oselkin*, 44 AD3d 921 [2007]; *Keevan v Rifkin*, 41 AD3d 661, 662 [2007]). Consequently, on a motion for summary judgment, the defendant has the initial burden of establishing that he or she did not depart from good and accepted practice, or if there was such a departure, that it was not a proximate cause of the plaintiff's injuries (*see Myers v Ferrara*, 56 AD3d 78, 83 [2008]; *Larsen v Loychusuk*, 55 AD3d 560, 561 [2008]; *Terranova v Finklea*, 45 AD3d 572 [2007]).

The defendant failed to make a prima facie showing of his entitlement to summary judgment dismissing the complaint. In support of his motion, the defendant relied upon the expert affirmation of oral surgeon Dr. Allan Kucine, who opined that there was no departure since there was no evidence that the defendant placed packing in the upper socket on July 26, 2004. However, the expert failed to rebut all of the specific allegations of dental malpractice set forth in the bill of particulars, which included the treatment rendered by the defendant on July 23, 2004. The expert failed to address the issue of whether gauze could have been inserted into the sinus during the extraction of the upper tooth on July 23, 2004. This failure is especially evident given that both the defendant and Dr. Arnoldt testified at an examination before trial that gauze was used during the extraction at the dental clinic to stop the bleeding, and Dr. Arnoldt conceded that the type of gauze the plaintiff expelled was used at the dental clinic and gauze pads were not counted before and after the procedure. In addition, the other evidence submitted by the defendant failed to eliminate all material issues of fact from the case (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]).

In view of the defendant's failure to sustain his prima facie burden, his motion should have been denied, regardless of the sufficiency of the plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Koi Hou Chan v Yeung*, 66 AD3d at 644; *Larsen v Loychusuk*, 55 AD3d at 561; *Terranova v Finklea*, 45 AD3d at 573; *Ward v Engel*, 33 AD3d 790, 791 [2006]).

The plaintiff's remaining contentions either are without merit or need not be reached in light of the foregoing. Mastro, J.P., Covello, Dickerson and Roman, JJ., concur.