■ SIGALIT BENDEL, Appellant, v SANJEEV RAJPAL et al., Respondents, et al., Defendants. [955 NYS2d 187]—

During a physical examination on June 22, 2005, the defendant Sanjeev Rajpal, a medical doctor, detected a mass in the plaintiff's right breast. After a sonogram was performed on June 30, 2005, and after subsequent office visits with Rajpal on July 5, 2005, and September 6, 2005, the plaintiff scheduled an excision and biopsy of the mass for September 23, 2005. However, she later cancelled the appointment and did not return for an office visit with Rajpal until November 29, 2005. After receiving the results from a subsequent sonogram which was performed on December 15, 2005, Rajpal performed an excision of the mass on January 9, 2006. The results of a biopsy revealed that the mass was cancerous and the plaintiff sought treatment elsewhere, ultimately undergoing chemotherapy and a right total mastectomy.

The plaintiff commenced this action to recover damages for medical malpractice against, among others, Rajpal and her medical practice, the defendant Class Surgery Brooklyn Group, P.C. (hereinafter together the respondents). In an amended verified bill of particulars, the plaintiff alleged that Rajpal departed from accepted standards of medical care in failing to recommend a mammogram, as opposed to a sonogram, as an initial diagnostic test on June 22, 2005, and, after receiving the results of the sonogram, delaying in performing an excision of the mass detected in her right breast. The respondents moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motion.

"The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2)

evidence that such departure was a proximate cause of injury" (*DiMitri v Monsouri*, 302 AD2d 420, 421 [2003]; *see Hayden v Gordon*, 91 AD3d 819, 820 [2012]; *Guzzi v Gewirtz*, 82 AD3d 838 [2011]). On a motion for summary judgment, a defendant physician "must make a prima facie showing that there was no departure from good and accepted medical practice or that the plaintiff was not injured thereby" (*Stukas v Streiter*, 83 AD3d 18, 24 [2011]; *see Gillespie v New York Hosp. Queens*, 96 AD3d 901 [2012]; *Healy v Damus*, 88 AD3d 848, 849 [2011]; *Heller v Weinberg*, 77 AD3d 622, 622-623 [2010]). "In order to sustain this burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's [complaint and] bill of particulars" (*Wall v Flushing Hosp. Med. Ctr.*, 78 AD3d 1043, 1045 [2010]; *see Grant v Hudson Val. Hosp. Ctr.*, 55 AD3d 874 [2008]; *Terranova v Finklea*, 45 AD3d 572 [2007]; *Ticali v Locascio*, 24 AD3d 430, 431 [2005]). Once a defendant has made such a showing, the burden shifts to the plaintiff to "submit evidentiary facts or materials to rebut the prima facie showing by the defendant physician" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), but only as to those elements on which the defendant met the prima facie burden (*see Gillespie v New York Hosp. Queens*, 96 AD3d 901 [2012]; *Garrett v University Assoc. in Obstetrics & Gynecology, P.C.*, 95 AD3d 823, 825 [2012]; *Stukas v Streiter*, 83 AD3d at 23-24).

Conclusory statements set forth in an affirmation of a medical expert which do not refute or address the specific allegations of negligence made by the plaintiff in his or her complaint and bill of particulars are insufficient to make a prima facie showing that a defendant physician is entitled to judgment as a matter of law (*see Faicco v Golub*, 91 AD3d 817, 818 [2012]; *Wall v Flushing Hosp. Med. Ctr.*, 78 AD3d at 1045; *Kuri v Bhattacharya*, 44 AD3d 718 [2007]; *Berkey v Emma*, 291 AD2d 517, 518 [2002]). Similarly, "[g]eneral allegations that are conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice are insufficient to defeat a defendant's motion for summary judgment" (*Bezerman v Bailine*, 95 AD3d 1153, 1154 [2012]; *see Gillespie v New York Hosp. Queens*, 96 AD3d 901 [2012]; *Lau v Wan*, 93 AD3d 763, 765 [2012]; *Savage v Quinn*, 91 AD3d 748, 749 [2012]).

Here, the respondents made a prima facie showing of their entitlement to judgment as a matter of law. The expert affidavit submitted in support of their motion for summary judgment established that Rajpal did not depart from accepted standards of medical practice in recommending that the plaintiff undergo a sonogram, as opposed to a mammogram, on June 22, 2005

(*see DiGiaro v Agrawal*, 41 AD3d 764, 767 [2007]; *Wiands v Albany Med. Ctr.*, 29 AD3d 982, 983-984 [2006]). The expert affidavit also established that any delay in excising the mass prior to September 23, 2005, when the excision was initially scheduled, was not a proximate cause of the plaintiff's alleged injuries (*see Pichardo v Herrera-Acevedo*, 77 AD3d 641 [2010]; *Raymundo v Westchester County Med. Ctr.*, 292 AD2d 437 [2002]; *cf. Fishkin v Feinstein*, 67 AD3d 961, 962-963 [2009]; *Rezvani v Somnay*, 65 AD3d 537, 538 [2009]), and that any delay thereafter was not attributable to the respondents such that they could be deemed a proximate cause of the alleged injuries stemming from the further delay (*see Stewart v Presbyterian Hosp. in City of N.Y.*, 12 AD3d 201, 202 [2004]; *cf. Provost v Hassam*, 256 AD2d 875 [1998]). In opposition, the plaintiff failed to raise a triable issue of fact. The expert affidavit submitted by the plaintiff failed to raise an issue of fact as to whether Rajpal departed from accepted standards of medical practice in recommending that the plaintiff undergo a sonogram, as opposed to a mammogram, on June 22, 2005. Furthermore, since the plaintiff's expert opined that the probability of the plaintiff requiring chemotherapy and a right total mastectomy would have been the same irrespective of whether the mass had been excised on November 29, 2005, or at any time prior thereto, the plaintiff failed to raise a triable issue of fact as to whether the alleged delay prior to November 29, 2005, was a proximate cause of her injuries (*cf. Roca v Perel*, 51 AD3d 757 [2008]). Insofar as the plaintiff's expert opined that the delay after November 29, 2005, was a proximate cause of the plaintiff's injuries, the opinion was conclusory in that the expert failed to state the specific facts or medical evidence relied upon in forming the opinion (*see Holbrook v United Hosp. Med. Ctr.*, 248 AD2d 358, 359 [1998]; *cf. Anderson v Lamaute*, 306 AD2d 232, 234 [2003]).

Accordingly, the Supreme Court properly granted the respondents' motion for summary judgment dismissing the complaint insofar as asserted against them. Skelos, J.P., Hall, Austin and Hinds-Radix, JJ., concur.