■ MIZPEH WALCOTT, Respondent, v THE NEW YORK AND PRESBYTERIAN HOSPITAL et al., Appellants, et al., Defendant. [980 NYS2d 413]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered May 29, 2013, which, to the extent appealed from as limited by the briefs, denied the motion of defendants The New York and Presbyterian Hospital, sued herein as The New York and Presbyterian Hospital and New York Presbyterian Hospital, and Eva Fischer, M.D., for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

In this medical malpractice action, defendant Eva Fischer, M.D., and another doctor performed two "back-to-back" surgeries on plaintiff, Mizpeh Walcott, at New York Hospital. Plaintiff alleges that, during the course of Dr. Fisher's hernia repair surgery, either a certain brand of gauze known as "Kling

gauze," or some other kind of material, was left in her abdomen, causing a massive infection several weeks after the surgery. Plaintiff bases her claim on an odor which emanated from her stomach, and prompted a return visit to Dr. Fischer, at which time, plaintiff and her daughter testified to seeing Dr. Fischer remove foul-smelling gauze from plaintiff's abdomen. Dr. Fischer denied leaving Kling gauze inside plaintiff and testified that such gauze does not exist in the operating room. Based on that testimony, defendants' expert opined that no "Kling" gauze was used during the operation and that the infection plaintiff suffered was a risk of the surgery, not caused by any departure on the part of Dr. Fischer.

Defendants failed to make out their prima facie entitlement to summary judgment since their expert did not address the testimony of plaintiff and her daughter that they saw foreign material being removed from plaintiff's abdomen weeks after her surgery (*see King v St. Barnabas Hosp.*, 87 AD3d 238, 247 [1st Dept 2011]; *Sharp v Weber*, 77 AD3d 812, 814 [2d Dept 2010]). In any event, the same deposition testimony, together with plaintiff's expert, sufficiently raised triable issues of fact in opposition to the motion (*see Dallas-Stephenson v Waisman*, 39 AD3d 303, 306-307 [1st Dept 2007]). Concur—Gonzalez, P.J., Sweeny, Richter, Manzanet-Daniels and Clark, JJ.