| **Nastahowski v Ellozy** |
|:---:|
| 2025 NY Slip Op 31549(U) |
| April 28, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 805229/2020 |
| Judge: Kathy J. King |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. KATHY J. KING</u>        PART          **06**

*Justice*

------------------------------------------------------------------------------X

SCOTT CHESTER NASTAHOWSKI, and COLLEEN NASTAHOWSKI,

               Plaintiffs,

- v -

SHARIF H ELLOZY, STEVEN J MCANANY, and HOSPITAL FOR SPECIAL SURGERY,

               Defendants.

------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 805229/2020 |
| MOTION DATE | 01/23/2024, 02/02/2024 |
| MOTION SEQ. NO. | 002 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 95, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 123, 125, 127

were read on this motion to/for      <u>SUMMARY JUDGMENT (AFTER JOINDER)</u>.

The following e-filed documents, listed by NYSCEF document number (Motion 003) 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 96, 97, 98, 99, 100, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 124, 126, 128, 129, 130

were read on this motion to/for      <u>JUDGMENT - SUMMARY</u>.

Upon the foregoing papers, and oral arguments having been heard, Defendant, Dr. Sharif H. Ellozy, M.D. ("Dr. Ellozy") (Motion Sequence 002), and Defendants, Dr. Steven J. McAnany, M.D. ("Dr. McAnany") and Hospital for Special Surgery ("HSS") (Motion Sequence 003) ("collectively the Defendants), move for summary judgment dismissal, pursuant to CPLR 3212, in favor of the Defendants on all causes of action and directing the Clerk of the Court to enter judgment accordingly on behalf of the Defendants.

Plaintiffs oppose both motions, which are consolidated for the purposes of disposition.

805229/2020  NASTAHOWSKI, SCOTT CHESTER vs. ELLOZY, SHARIF H
Motion No.  002 003

Page 1 of 10

1 of 10

[* 1]

## BACKGROUND

On May 23, 2019, Plaintiff, Scott Chester Nastahowski ("Plaintiff"), sought treatment from Dr. McAnany for severe pain running down his right leg which impacted his gait. The pain had worsened over years, despite trying steroid injections, anti-inflammatory medication, physical therapy, and home exercises. After reviewing X-rays and a prior MRI from 2018, Dr. McAnany saw significant degeneration in the Plaintiff's lower spine, particularly at the L4-5 and L5-S1, as well as worsening nerve compression, which he found likely contributed to his symptoms. Thereafter, Dr. McAnany recommended an anterior lumbar interbody fusion (ALIF) at L4-5 and L5-S1 to help stabilize the spine and relieve nerve pressure. A new MRI and CT scan was ordered by Dr. McAnany, which were completed on June 5, 2019, and confirmed his earlier findings and reaffirmed that surgery was the best course of action. In June 12, 2019 Dr. McAnany discussed the surgery with the Plaintiff, and indicated that, Dr. Ellozy, a vascular surgeon, would be assisting with the procedure.

On August 30, 2019, Plaintiff's procedure was performed at HSS. Dr. Ellozy began by exposing the anterior portion of the spine, mobilizing the necessary blood vessels, and placing retractors so that Dr. McAnany could proceed with the fusion. At the very end of the anterior portion of the surgery, when the retractors were removed from the L5-S1 level, vascular injury was found at the joint of the iliac veins and on the underside of the inferior vena cava. Non-party Dr. Kim activated HSS's massive transfusion protocol to manage the blood loss. Because of the vascular injury and the amount of blood loss Dr. McAnany did not go forward with the second stage of the surgery, which would have required placing the Plaintiff face-down for another three to four hours. After Dr. Ellozy ensured that the bleeding was under control and the surgical wound was closed due to the intraoperative complications, Plaintiff was sent to the Orthopedic Surgery

805229/2020  NASTAHOWSKI, SCOTT CHESTER vs. ELLOZY, SHARIF H
Motion No. 002 003

Page 2 of 10

2 of 10

Care Unit for close monitoring and remained hospitalized for five days before being discharged on September 4, 2019.

Following discharge, Plaintiff was admitted to Greenwich Hospital/Yale New Haven Health ("YNHH") on September 11, 2019. During his visit at YNHH, an expanding retroperitoneal hematoma was noted and reported to be the same hematoma that was discovered within a few days of the operation at HSS. YNHH discontinued Levenox, which had been prescribed by Dr. Ellozy, since it was contraindicated to the Plaintiff's bleeding. On February 4, 2020, the Plaintiff returned to YNHH reporting significant swelling and pain in his left leg. Subsequent venogram and venocavogram procedures revealed a permanent circulatory impairment in his lower extremities, likely to cause lifelong limitations in mobility.

On August 4, 2020, Plaintiff commenced the underlying action by filing a Summons and Verified Complaint alleging: 1) medical malpractice; 2) lack of informed consent; and 3) a derivative claim for loss of consortium on behalf of Plaintiff's spouse, Colleen Nastahowski. The gravamen of the allegations is that the Defendants negligently performed Plaintiff's ALIF surgery, causing a severe right iliac vein injury that led to permanent neurological damage, prolonged hospitalization, and other medical interventions, while also failing to adequately inform him of the surgical risks and alternatives, which consequently deprived his spouse of companionship and marital services.

Defendants now move for summary judgment dismissing the Plaintiffs' complaint.

## SUMMARY JUDGMENT AS TO MEDICAL MALPRACTICE OF DR. ELLOZY (MOT. SEQ 02) AND DR. McANANY AND HSS (MOT. SEQ 03)

A defendant physician moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law by establishing the absence of a triable issue of fact as

805229/2020   NASTAHOWSKI, SCOTT CHESTER vs. ELLOZY, SHARIF H
Motion No.  002 003

Page 3 of 10

3 of 10

to his or her alleged departure from accepted standards of medical practice, or by establishing that the plaintiff was not injured by such treatment (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Frye v Montefiore Med. Ctr.*, 70 AD3d 15 [1st Dept 2009]; *McGuigan v Centereach Mgt. Group, Inc.*, 94 AD3d 955 [2d Dept 2012]; *Sharp v Weber*, 77 AD3d 812 [2d Dept 2010]; *see generally Stukas v Streiter*, 83 AD3d 18 [2d Dept 2011]). To satisfy this burden, a defendant must present expert opinion testimony that is supported by the facts in the record, addresses the essential allegations in the complaint or the bill of particulars, and is detailed, specific, and factual in nature (*see Roques v Noble*, 73 AD3d 204, 206 [1st Dept 2010]; *Joyner-Pack v. Sykes*, 54 AD3d 727 [2d Dept 2008]; *Koi Hou Chan v Yeung*, 66 AD3d 642 [2d Dept 2009]; *Jones v Ricciardelli*, 40 AD3d 935 [2d Dept 2007]). Furthermore, to satisfy his or her burden on a motion for summary judgment, a defendant must address and rebut specific allegations of malpractice set forth in the plaintiff's bill of particulars (*see Wall v Flushing Hosp. Med. Ctr.*, 78 AD3d 1043 [2d Dept 2010]; *Grant v Hudson Val. Hosp. Ctr.*, 55 AD3d 874 [2d Dept 2008]; *Terranova v Finklea*, 45 AD3d 572 [2d Dept 2007]).

In support of his motion Dr. Ellozy submits the expert affirmation of Dr. Sunita Srivastava ("Dr. Srivastava"), a board-certified General and Vascular Surgeon who opines, to a reasonable degree of medical certainty, that Dr. Ellozy's treatment and care were within good and accepted medical standards at all times and that Plaintiff was adequately informed of the risks of the ALIF surgery, including vascular injury, through discussions with the orthopedic surgeon and the signed consent forms. Dr. Srivastava highlights that Dr. Ellozy appropriately reviewed Plaintiff's MRI and CT scans before surgery and found no vascular abnormalities that would increase the risk of complications. She further opines that a preoperative CT angiogram was not necessary because the Plaintiff had no history of vascular anomalies or prior abdominal surgery. Dr. Srivastava

805229/2020  NASTAHOWSKI, SCOTT CHESTER vs. ELLOZY, SHARIF H
Motion No. 002 003

Page 4 of 10

4 of 10

opined that Dr. Ellozy properly performed his role as the access surgeon, mobilizing the vessels appropriately to allow the orthopedic surgeon to proceed. Instead, according to Dr. Srivastava, the vascular injuries were likely due to the necessary retraction of the vessels, which is an inherent risk of the procedure, rather than any deviation from the standard of care. Further, Dr. Srivastava states that upon identifying the vascular injury, Dr. Ellozy acted promptly, clamping the vein and repairing the damage with appropriate sutures. Dr. Srivastava concludes that the significant blood loss, which is not unusual in an ALIF procedure, was managed effectively through a transfusion protocol, and the decision to halt the posterior portion of the surgery was appropriate.

Dr. McAnany and HSS, submit the expert affirmation of Dr. Michael S. Hisey ("Dr. Hisey"), a board-certified Orthopedic Surgeon, who opines, to a reasonable degree of medical certainty, that Dr. McAnany and HSS, neither deviated from the standard of care nor contributed to the Plaintiff's alleged injuries. Specifically, Dr. Hisey opines that the ALIF surgery was medically indicated as previous, non-surgical, interventions were unsuccessful. He further opines that the use of retractors was appropriate and is standard practice in ALIF procedures, and Dr. McAnany's anterior approach was an appropriate. According to Dr. Hisey, the decision to halt the surgery was medically sound to avoid further risk to the Plaintiff. Dr. Hisey highlights that the pre-surgical evaluations were adequate, and a CT angiogram is not required by the standard of care and its absence does not indicate negligence. Dr. Hisey also opines that the Plaintiff provided informed consent and was specifically appraised of the risks, benefits, and alternatives to surgery by Dr. McAnany. Lastly, the Plaintiff's claimed vascular injuries were not caused by any deviation from the standard of care by Dr. McAnany and the bleeding was discovered after the retractors were removed, suggesting the any injury was not caused by Dr. McAnany.

805229/2020 NASTAHOWSKI, SCOTT CHESTER vs. ELLOZY, SHARIF H
Motion No. 002 003

Page 5 of 10

5 of 10

Based on the expert affirmations of Defendants, the Court finds that Dr. Ellozy, Dr. McAnany, and HSS have satisfied their prima facie burden of showing that the care and treatment rendered was within the standard of care, and did not proximately cause any of the injuries alleged by Plaintiff. Once the Defendant establishes prima facie entitlement to judgment as a matter of law, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact by submitting an expert's affidavit or affirmation attesting to a departure from accepted medical practice and that such departures were a competent producing cause of the plaintiff's injuries (*see Roques,* 73 AD3d at 207; *Landry v Jakubowitz,* 68 AD3d 728 [2d Dept 2009]; *Luu v Paskowski,* 57 AD3d 856 [2d Dept 2008]).

In opposition, the Plaintiff submits the expert affirmation of Dr. Norman J. Chideckel ("Dr. Chideckel"), a board-certified General Surgeon. Dr. Chideckel opines, to a reasonable degree of medical certainty, that the Defendants deviated from the standard of care when performing the ALIF surgery, and that said deviation caused the Plaintiff's alleged injuries, including a vascular injury and swelling and pain in his left leg due to thrombosis and vascular narrowing leading to long-term impairment. Specifically, Dr. Chideckel opines that Dr. Ellozy deviated from the standard of care during the surgery by applying excessive traction with retractors, leading to tears in the iliac vein and inferior vena cava resulting in massive bleeding and the need for significant transfusions.

Further, Dr. Chideckel opines that both Dr. Ellozy and Dr. McAnany deviated from the standard of surgical practices resulting in harm to Plaintiff as a result of excessive traction use during the procedure. Dr. Chideckel contends that the retroperitoneal hematoma had occurred after the operation performed by the defendants. According to Dr. Chideckel, Dr. McAnany failed to adequately monitor and protect the vascular structures during surgery. Lastly, Dr. Chideckel

805229/2020   NASTAHOWSKI, SCOTT CHESTER vs. ELLOZY, SHARIF H
Motion No.  002 003

Page 6 of 10

6 of 10

highlights the inconsistency in the documentation and operative reports of Dr. McAnany and Dr. Ellozy regarding when and where the vascular injuries occurred and the second vascular surgeon who was brought into assist but never documented.

The Court finds that Plaintiff's expert raise triable issues of fact regarding alleged deviations and whether such deviations proximately caused Plaintiff's injuries; thus, rebutting the Defendants' prima facie entitlement to summary judgment (*see Johnson v St. Barnabas Hosp.*, 52 AD3d 286 [1st Dept 2008], appeal denied 11 NY3d 705 [2008]; *Landau v Rappaport*, 306 AD2d 446 [2d Dept 2003]; *Nabozny v Cappelletti*, 267 AD2d 623 [3d Dept 1999]; *Johnson v Jacobowitz*, 65 AD3d 610 [2d Dept 2009]. Accordingly, summary judgment is denied as to Dr. Ellozy and Dr. McAnany. "Summary judgment is not appropriate . . . [when] the parties [submit] conflicting medical expert opinions because [s]uch conflicting expert opinions will raise credibility issues which can only be resolved by a jury" (*Cummings v Brooklyn Hosp. Ctr.*, 147 AD3d 902, 904 [2d Dept 2017], quoting *DiGeronimo v Fuchs*, 101 AD3d 933 [2d Dept 2012] [internal quotation marks omitted]; *see Elmes v Yelon*, 140 AD3d 1009 [2d Dept 2016]; *Leto v Feld*, 131 AD3d 590 [2d Dept 2015]).

Given that triable issues of fact exist as to the care and treatment by Dr. McAnany, an employee of HSS, and whether such treatment proximately caused Plaintiff's alleged injuries, dismissal is not warranted against HSS, under the doctrine of respondeat superior (*see Sessa v Peconic Bay Medical Center*, 200 AD3d 1085 [2d Dept 2021]; *Klippel v Rubinstein*, 300 AD2d 448 [2d Dept 2002]; *Rivera v County of Suffolk*, 290 AD2d 430 [2d Dept 2002]; *Mduba v Benedictine Hosp.*, 52 AD2d 450 [3d Dept 1976]). Additionally, the Court notes that HSS cannot be held liable for the alleged negligence of Dr. Ellozy since the record establishes that he was neither an employee of HSS, nor compensated by HSS for his treatment of the Plaintiff. Although

805229/2020  NASTAHOWSKI, SCOTT CHESTER vs. ELLOZY, SHARIF H                    Page 7 of 10
Motion No.  002 003


7 of 10

a hospital or other medical facility is liable for the negligence or malpractice of its employees this rule does not apply when the treatment is provided by an independent physician, as when the physician is retained by the patient himself (*Bing v Thunig*, 2 NY2d 656 [1957]; *Fiorentino v Wenger*, 19 NY2d 407, 414 [1967]; *see Topel v Long Is. Jewish Med. Center*, 55 NY2d 682, 683 [1981]). As such, the Court finds that any claims that Defendants are vicarious liable as to the care and treatment by Dr. Ellozy are dismissed.

As to Plaintiff's cause of action for loss of consortium, dismissal is precluded since it is derivative of the injured spouse's right to recover damages for any injuries sustained as a result of the Defendants' alleged malpractice (*see Liff v Schildkrout*, 49 NY2d 622 [1980]).

### SUMMARY JUDGMENT AS TO LACK OF INFORMED CONSENT

A defendant moving for summary judgment on a lack of informed consent claim must demonstrate that the plaintiff was informed of the alternatives to and the reasonably foreseeable risks and benefits of the treatment (*Henry v Bezalel Rehabilitation & Nursing Ctr.*, 2020 NY Slip Op30369(U) [Sup Ct, NY County 2020]; *Koi Hou Chan v Yeung*, 66 AD3d 642, 643 [2d Dept 2009]; A defendant may satisfy his or her burden of demonstrating a prima facie entitlement to judgment as a matter of law in connection with such a cause of action where a patient signs a consent form indicating his or her understanding of the possible risks of the procedure along with corroborating medical records (*see Bamberg-Taylor v Strauch*, 192 AD3d 401, 401-402 [1st Dept 2021]).

In the case at bar, Defendants' expert state indicate that informed consent forms were signed by Plaintiff regarding the risks, benefits and alternatives of the ALIF procedure. Specifically, Dr. Srivastava opines, that Plaintiff signed four consent forms acknowledging: (1) the purposes, benefits, risks, and complications of the procedure, and alternative therapies; (2) the potential risks of blood transfusion, anesthesia, and implantation of infuse; and (3) the

805229/2020   NASTAHOWSKI, SCOTT CHESTER vs. ELLOZY, SHARIF H                    Page 8 of 10
Motion No.  002 003

8 of 10

[* 8]

understanding that medicine is not an exact science and may not provide the intended benefits. Dr. Srivastava concludes that informed consent was properly obtained through discussions with Dr. McAnany and the informed consents making it unnecessary for Dr. Ellozy to conduct additional consent discussions.

Similarly, Dr. McAnany and HSS's expert, Dr. Hisey, also opines that Defendant, Dr. McAnany, had properly discussed the surgical plan, including the risks, benefits, and alternatives. Dr. Hisey highlights that the Plaintiff acknowledged that Dr. Ellozy would be involved in the procedure to minimize the risk of vascular damage. Lastly, Dr. Hisey also states that the Plaintiff formalized his consent by signing a "Consent for Operation and/or Procedure."

Based on Dr. Srivastava's and Dr. Hisey's expert opinions, the Court finds that the Defendants have met their burden on the claim of the lack of informed consent.

In opposition, Plaintiff raises a triable issue of fact based on the expert affirmation of Dr. Chideckel, who opines that the Plaintiff did not give informed consent and was not properly informed of the heightened risk of vascular injury associated with ALIF procedures. He further opines that Dr. Ellozy never met or counseled the Plaintiff before surgery (*Rosario v Our Lady of Consolation Nursing & Rehab. Care Ctr.*, 186 AD3d 1426 [2d Dept 2020]; *Boston v Weissbart*, 62 AD3d 517 [1st Dept 2009]).

Accordingly, it is hereby

**ORDERED** that Defendant Dr. Ellozy's motion (Motion Sequence 2) is denied in its entirety; and it is further

**ORDERED** that Defendants Dr. McAnany and HSS's motion (Motion Sequence 3) is granted to the extent of dismissing all of Plaintiff's claims against HSS based on the malpractice of Dr. Ellozy, only, and in all other respects the motion is denied in its entirety; and it is further

**ORDERED** that the Plaintiffs are to serve a copy of this order upon the Defendants with notice of entry within twenty (20) days of entry of this order; and it is further

**ORDERED,** that the parties are directed to appear for a settlement conference on August 19, at 2:30 pm, at 60 Centre Street, Room #351, New York, NY.

This constitutes the decision and order of the Court.

| 4/28/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | KATHY J. KING, J.S.C | |
| CHECK ONE: | ☐ CASE DISPOSED | | X NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☐ DENIED | X GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

805229/2020   NASTAHOWSKI, SCOTT CHESTER vs. ELLOZY, SHARIF H          Page 10 of 10
Motion No.  002 003

[* 10]