| |
|---|
| **Tapia v Patel** |
| 2025 NY Slip Op 31654(U) |
| May 5, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 805169/2022 |
| Judge: Kathy J. King |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    **HON. KATHY J. KING**                    PART                    **06**

*Justice*

-------------------------------------------------------------------------------X    INDEX NO.            805169/2022

KARELYNE FRESA TAPIA                                     MOTION DATE          08/15/2024

Plaintiff,                         MOTION SEQ. NO.            002

- v -

FALGUNI PATEL, DDS,                                 **DECISION + ORDER ON MOTION**

Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 79 were read on this motion to/for        JUDGMENT - SUMMARY                    .

Upon the foregoing papers, and oral arguments having been heard, Defendant Falguni Patel, DDS, ("Dr. Patel," or "moving Defendant") moves this Court for an Order granting the moving Defendant summary judgment, pursuant to CPLR 3212, and dismissing all of Plaintiff's claims against the moving Defendant.

Plaintiff opposes the motion and cross-moves under CPLR 3025(b) and § 203(c) for leave to amend the summons and complaint to add Dr. Brian Goldberg ("Dr. Goldberg") as a Defendant and assert a vicarious liability claim against Defendant Dr. Falguni Patel as a result of Dr. Goldberg's care and treatment of Plaintiff arising from the alleged malpractice.

## BACKGROUND

In 2018, the Plaintiff became a patient at Dr. Patel's practice, Falguni Patel Dental, PLLC. On Plaintiff's first appointment, Dr. Patel repaired a chipped tooth. Thereafter, Plaintiff followed up four more times in 2018 with Dr. Patel's associate for filings, a root canal and placement of a temporary crown. While she was instructed to return for a permanent crown, Plaintiff did not return

to Dr. Patel's office until November 9, 2020, where she treated with Dr. Goldberg on multiple occasions from October 30, 2020, to November 18, 2020.

Plaintiff's complaint pled causes of action in dental malpractice and negligence. Plaintiff alleges that on November 9, 2020, the Defendant negligently performed cavity fillings, causing nerve damage, infection and inflammation of the gums, on and off discomfort and severe pain sensitivity on the lower left side, inability to chew on the left side, orofacial pain, shock to the body and nervous system, mental and emotional overlay, anxiety, depression, and loss of enjoyment of life.

Defendant now moves for an Order granting summary judgment pursuant to CPLR 3212.

## DISCUSSION

A defendant physician moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law by establishing the absence of a triable issue of fact as to his or her alleged departure from accepted standards of medical practice, or by establishing that the plaintiff was not injured by such treatment (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Frye v Montefiore Med. Ctr.*, 70 AD3d 15 [1st Dept 2009]; *McGuigan v Centereach Mgt. Group, Inc.*, 94 AD3d 955 [2d Dept 2012]; *Sharp v Weber*, 77 AD3d 812 [2d Dept 2010]; *see generally Stukas v Streiter*, 83 AD3d 18 [2d Dept 2011]). To satisfy this burden, a defendant must present expert opinion testimony that is supported by the facts in the record, addresses the essential allegations in the complaint or the bill of particulars, and is detailed, specific, and factual in nature (*see Roques v Noble*, 73 AD3d 204, 206 [1st Dept 2010]; *Joyner-Pack v Sykes*, 54 AD3d 727 [2d Dept 2008]; *Koi Hou Chan v Yeung*, 66 AD3d 642 [2d Dept 2009]; *Jones v Ricciardelli*, 40 AD3d 935 [2d Dept 2007]). Furthermore, to satisfy his or her burden on a motion for summary judgment, a defendant must address and rebut specific allegations of malpractice set forth in the plaintiff's

805169/2022   TAPIA, KARELYNE FRESA vs. FALGUNI PATEL, DDS
Motion No. 002

Page 2 of 4

bill of particulars (*see Wall v Flushing Hosp. Med. Ctr.*, 78 AD3d 1043 [2d Dept 2010]; *Grant v Hudson Val. Hosp. Ctr.*, 55 AD3d 874 [2d Dept 2008]; *Terranova v Finklea*, 45 AD3d 572 [2d Dept 2007]).

In support of his motion, Defendant submits the expert affirmation of Harrison Linsky, DDS, MD, ("Dr. Linsky"), a board-certified Oral and Maxillofacial Surgeon. Dr. Linsky opines, within a reasonable degree of medical certainty, that Dr. Patel did not breach any applicable standard of care. Furthermore, Dr. Linsky opines that a physician-patient relationship did not exist between the Plaintiff and Dr. Patel on November 9, 2020, since the record indicates that Plaintiff last sought treatment from Dr. Patel two years prior to the alleged medical malpractice and upon returning in 2020, she treated with Dr. Goldberg and not with Dr Patel.

Based on the expert affirmation provided by Defendant, the Court finds that Dr. Patel has met her prima facie burden of demonstrating that she did not treat Plaintiff on November 9, 2020, and in any event, that any care and treatment rendered by Dr. Patel prior to that date adhered to the applicable standard of care and did not proximately cause the injuries alleged by the Plaintiff.

Once the Defendant establishes prima facie entitlement to judgment as a matter of law, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact by submitting an expert's affidavit or affirmation attesting to a departure from accepted medical practice and that such departures were a competent producing cause of the plaintiff's injuries (*see Roques,* 73 AD3d at 207; *Landry v Jakubowitz*, 68 AD3d 728 [2d Dept 2009]; *Luu v Paskowski*, 57 AD3d 856 [2d Dept 2008]).

Here, the Court finds that Plaintiff's unaffirmed and unsigned expert affirmation submitted in opposition is insufficient to defeat Defendant's motion for summary judgment since it lacks essential information regarding the expert's qualifications, board certifications, and relevant

805169/2022   TAPIA, KARELYNE FRESA vs. FALGUNI PATEL, DDS                      Page 3 of 4
Motion No.  002

3 of 4

[* 3]

experience (*see Mattis v Keen, Zhao,* 54 AD3d 610 [1st Dept 2008]; *see generally Fleming v Pedinol Pharmacal, Inc.*, 70 AD3d 422, 893 NYS2d 551 [1st Dept 2010]). Thus, Plaintiff fails to raise an issue of fact to rebut Defendant's prima facie entitlement to summary judgment. Accordingly, Defendant's claim sounding in dental malpractice motion is dismissed. Defendant's claim sounding in negligence is also dismissed since the case law is well settled that medical malpractice is simply a form of negligence and no rigid analytical line separates the two (*Scott v Uljanov*, 74 NY2d 673, 675 [1989], *quoting Bleiler v bodnar*, 65 NY2d 65 [1985]).

Plaintiff's cross motion is denied as moot, since Defendant's motion is granted.

Accordingly, it is hereby

**ORDERED,** that the Defendant Falguni Patel, DDS's motion is granted in its entirety; and it is further

**ORDERED,** that the Plaintiff's cross-motion is denied as moot; and it is further

**ORDERED** that within twenty (20) days of entry of this order, counsel for Defendant shall serve a copy of this order with notice of entry upon the Plaintiff Karelyne Fresa Tapia and the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119), who are directed to enter judgment in accordance with this order.

This constitutes the decision and order of the Court.

| 5/5/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | KATHY J. KING, J.S.C. | |
| CHECK ONE: | X CASE DISPOSED | | ☐ NON-FINAL DISPOSITION | |
| | X GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

805169/2022  **TAPIA, KARELYNE FRESA vs. FALGUNI PATEL, DDS**  Page 4 of 4
Motion No. 002