■ MICHAEL FELTER, Plaintiff, v MERCY COMMUNITY HOSPITAL OF PORT JERVIS, Defendant and Third-Party Plaintiff-Appellant, et al., Defendants. AMERICAN EMERGENCY SERVICES, Third-Party Defendant-Respondent. [664 NYS2d 321] —In a medical malpractice action, the defendant third-party plaintiff Mercy Community Hospital of Port Jervis, New York, appeals from (1) an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated August 5, 1996, which, *inter alia,* granted the third-party defendant's motion for summary judgment dismissing the third-party complaint, and (2) a judgment of the same court, entered October 7, 1996, upon the order, which dismissed the third-party complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the portion of the order granting the third-party defendant's motion for summary judgment dismissing the third-party complaint is vacated, the motion is denied, and the third-party complaint is reinstated; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Following a motorcycle accident the plaintiff was transported to the defendant Mercy Community Hospital of Port Jervis, New York (hereinafter the Hospital) where he was treated in the emergency room by the defendant Lancaster Lo, M.D. The plaintiff alleges, among other things, that he received negligent medical treatment in the Hospital's emergency room.

Dr. Lo was working as an emergency room physician pursuant to an agreement between the Hospital and the third-party defendant American Emergency Services (hereinafter AES), whereby AES was to provide full-time emergency physician services in the Hospital's emergency room. After the plaintiff commenced the instant action against, *inter alia,* the Hospital and Dr. Lo, the Hospital commenced a third-party action against AES for indemnification and/or contribution. AES moved for summary judgment dismissing the third-party complaint. The Supreme Court granted the motion, concluding

that AES had demonstrated, as a matter of law, that Dr. Lo was its independent contractor, not its employee, that as such AES could not be vicariously liable for any alleged malpractice on Dr. Lo's part, and that it therefore owed no duty of indemnification or contribution to the Hospital. We now reverse.

Contrary to the conclusions of the Supreme Court, AES has failed to demonstrate that the third-party complaint against it must be dismissed as a matter of law. It is well settled that a hospital may be vicariously liable for the malpractice of an emergency room physician even if that physician is an independent contractor with the hospital (*see, Ryan v New York City Health & Hosps. Corp.*, 220 AD2d 734; *Augeri v Massoff*, 134 AD2d 308; *see also, Litwak v Our Lady of Victory Hosp.*, 238 AD2d 881; *Citron v Northern Dutchess Hosp.*, 198 AD2d 618; *Mduba v Benedictine Hosp.*, 52 AD2d 450). Moreover, the Hospital may demonstrate its entitlement to indemnification on its cross claim against Dr. Lo (*see, Lewis v Yonkers Gen. Hosp.*, 174 AD2d 611; *Innvar v Liviu Schapira, M.D., P. C.*, 166 AD2d 632). Whether Dr. Lo was negligent and, if so, whether any such negligence was committed by him as an independent contractor or within the scope of his employment by AES (thus giving rise to AES's vicarious liability to the Hospital), remain questions of fact to be decided by a jury.

The conclusory assertions in the affidavit of former AES president John Consalvo, M.D., that Dr. Lo was an independent contractor with AES, were insufficient to establish his status as a matter of law (*see, Deleprete v Victory Mem. Hosp.*, 191 AD2d 673). Indeed, while Dr. Consalvo asserted that Dr. Lo was an independent contractor who received a professional fee as evidenced by an Internal Revenue Service form 1099, no documentation was submitted to substantiate this assertion. Moreover, the letter agreement between the Hospital and AES did not identify the employment relationship between AES and the physicians it screened and recruited to staff the Hospital's emergency room, and AES failed to proffer any contract between it and Dr. Lo. Whether or not a physician qualifies as an independent contractor is a factual conclusion "to be drawn from the *contract itself,* the attitude of the parties toward each other, the nature of the work" and other relevant circumstances (*Felice v St. Agnes Hosp.*, 65 AD2d 388, 396 [emphasis supplied]). Given the failure of AES to sustain its evidentiary burden of establishing as a matter of law that Dr. Lo was not its employee, the motion of AES for summary judgment should have been denied without regard to the adequacy of the

Hospital's opposing papers (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Allen v Blum,* 212 AD2d 562; *Deleprete v Victory Mem. Hosp., supra*). Rosenblatt, J. P., Miller, Ritter and Krausman, JJ., concur.