■ BROOKLYN HOSPITAL-CALEDONIAN HOSPITAL, Appellant, v MEDICAL MALPRACTICE INSURANCE ASSOCIATION, Respondent, et al., Defendant. [729 NYS2d 517] —In an action, *inter alia,* for a judgment declaring that the defendant Medical Malpractice Insurance Association is obligated to defend and indemnify the plaintiff, the Brooklyn Hospital-Caledonian Hospital, in an underlying medical malpractice action entitled *Ottomanelli v Caledonian Hosp.,* pending in the Supreme Court, Kings County, the plaintiff appeals from an order of the Supreme Court, Kings County (Jackson, J.), entered May 2, 2000, which denied its motion for summary judgment and, in effect, upon searching the record, granted summary judgment to the defendant Medical Malpractice Insurance Association dismissing the complaint insofar as asserted against that defendant.

Ordered that the order is modified, on the law and the facts, by (1) deleting the provision thereof granting summary judgment to the defendant Medical Malpractice Insurance Association dismissing so much of the complaint as was to recover legal costs incurred for defending against the plaintiff's liability in the action entitled *Ottomanelli v Caledonian Hosp.,* and (2) deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on its claim for legal costs for defending against its liability in the action entitled *Ottomanelli v Caledonian Hosp.,* and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements,

and the matter is remitted to the Supreme Court, Kings County, to determine the amount of legal costs to be awarded to the plaintiff for defending against its own liability in the action entitled *Ottomanelli v Caledonian Hosp.*

Under the plain language of the insurance policy, the plaintiff is not covered for contractual liability that it assumed by entering into the service agreements with Drs. Ong and Kavas, who were defined as independent contractors in the agreements (*see, Northville Indus. Corp. v National Union Fire Ins. Co.,* 218 AD2d 19).

However, the plaintiff could have been held vicariously liable for the actions of Drs. Ong and Kavas, and therefore, is entitled to recover its legal costs for defending against its own liability in the underlying Ottomanelli action. The service agreements between the plaintiff and Drs. Ong and Kavas indicate that the doctors performed services under the plaintiff's control and supervision. Moreover, Mrs. Ottomanelli was a patient of the hospital and not of the individual doctors. Under these facts, the hospital could have been found vicariously liable for the negligence of the doctors (*see, Hill v St. Clare's Hosp.,* 67 NY2d 72; *Miles v R & M Appliance Sales,* 26 NY2d 451; *Felter v Mercy Community Hosp.,* 244 AD2d 385; *Ryan v New York City Health & Hosps. Corp.,* 220 AD2d 734; *Mduba v Benedictine Hosp.,* 52 AD2d 450; Restatement [Second] of Torts § 429).

The plaintiff's remaining contentions are without merit. Krausman, J. P., S. Miller, Schmidt and Adams, JJ., concur.