■ CARMEN I. RIVERA, Appellant, v COUNTY OF SUFFOLK et al., Respondents. [736 NYS2d 95] —In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Gerard, J.), entered October 24, 2000, which, upon granting the motion of the defendant Brookhaven Memorial Hospital Medical Center to dismiss the complaint insofar as asserted against it, and upon a jury verdict finding that the doctor employed by the defendant South Brookhaven Health Center West departed from good medical practice by failing to refer the plaintiff's decedent to a dermatologist on August 24, 1994, but that the departure was not a proximate cause of injury to the decedent, is in favor of the defendants and against the plaintiff.

Ordered that the judgment is reversed, on the law, the motion is denied, and the plaintiff is granted a new trial, with costs to abide the event; and it is further,

Ordered that the finding of fact that the malpractice of the doctor at the defendant South Brookhaven Health Center West in failing to refer the plaintiff's decedent to a dermatologist on August 24, 1994, was not a proximate cause of the plaintiff's decedent's injuries, is affirmed.

In August 1994 the plaintiff's decedent sought treatment from the defendant South Brookhaven Health Center West (hereinafter the Clinic) on two occasions for a skin condition which had been previously diagnosed in June 1994 by the same clinic as an infection. In actuality, the plaintiff's decedent was suffering an uncommon autoimmune skin disorder, pemphigus vulgaris, which caused her death on November 21, 1994.

On August 10, 1994, she was treated by a nurse practitioner, who acknowledged at her examination before trial that her training in dermatological conditions was limited to "a day at the most," and she was unsure of her diagnosis. The nurse practitioner further acknowledged that if she "had any questions, then [she] would go to the physician for a consult." The evidence in the record indicates that she did not do so. She prescribed antibiotics and a topical cream.

The plaintiff's decedent returned to the clinic on August 24, 1994, when she was seen by a physician, who neither diagnosed her condition nor referred her to a dermatologist for a consultation. The doctor prescribed antibiotics and another topical cream.

The plaintiff's decedent's condition was not diagnosed until September 1994, when she was hospitalized. She remained hospitalized until her death.

The plaintiff commenced this action against the Clinic, alleging it was liable for medical malpractice, and against Brookhaven Memorial Hospital Medical Center (hereinafter the Hospital) and the County of Suffolk, based upon vicarious liability. It was alleged that the County of Suffolk was vicariously liable for the acts of the Clinic and that the Hospital was the employer of the nurse practitioner, and was therefore vicariously liable for her conduct.

The plaintiff, in her bill of particulars and supplemental bill of particulars against the Hospital, alleged that the Hospital's employees failed to order "timely consultations," and failed to refer the patient "to a dermatologist or other physician with requisite knowledge and skill to properly diagnose and treat the patient."

At the trial, the plaintiff's expert testified that both the nurse practitioner and the doctor deviated from good and accepted standards of medical practice by failing to refer the plaintiff's decedent to a dermatologist. The plaintiff's expert noted that, since the Clinic had diagnosed an infection in June 1994, it was apparent that the plaintiff's decedent was suffering from a "medical problem" that was "going on for a long time." Since the plaintiff's decedent "did not completely respond to the initial treatment which was antibiotics," the nurse practitioner, not experienced with skin diseases, should have sought additional help from "another doctor * * * or another specialist." Similarly, the doctor who examined the plaintiff's decedent on August 24, 1994, should have referred her to a dermatologist.

Upon cross-examination, the plaintiff's expert acknowledged that he did not know whether the nurse practitioner had the authority to refer the plaintiff's decedent to a dermatologist. The nurse practitioner testified at her examination before trial that she was not sure if she had such authority, and would "most likely consult with a physician before I'd do that." Since she was not available for the trial, her examination before trial was admitted in evidence.

The Supreme Court dismissed the action against the Hospital, finding that the plaintiff failed to establish a prima facie case that the nurse practitioner was guilty of malpractice, on the ground that there was no proof that she had the authority to refer the plaintiff's decedent to a dermatologist. The court found that the nurse practitioner could not be charged with malpractice for failing to consult a physician, because that theory was not alleged in the bill of particulars. We find that the plaintiff's bill of particulars and supplemental bill of particulars were sufficient to alert the Hospital to the plaintiff's

theory of liability that the nurse practitioner should have consulted a physician about the condition of the plaintiff's decedent. The nurse practitioner admitted at her examination before trial that if she had any questions, she would go to a physician for a consult. We further find that the burden of establishing that the nurse practitioner lacked the authority to refer the plaintiff's decedent to a dermatologist was allocated to the defendants, who were in the position to know what her authority was (*see, Romanian Am. Interests v Scher,* 94 AD2d 549, 552). In view of the foregoing, dismissal of the action against the Hospital was improper.

With respect to the Clinic's liability, we note that the nurse practitioner, although not employed by the Clinic, was assigned to treat patients there. The plaintiff's decedent was a patient of the Clinic, and not of the individual nurse practitioner. Accordingly, the Clinic can be held liable for her conduct (*see, Hill v St. Clare's Hosp.,* 67 NY2d 72; *Shafran v St. Vincent's Hosp. & Med. Ctr.,* 264 AD2d 553; *Henderson v Marx,* 251 AD2d 988; *Felter v Mercy Community Hosp.,* 244 AD2d 385; *Mduba v Benedictine Hosp.,* 52 AD2d 450). We further note that, if the nurse practitioner was treating Clinic patients without the authority to make proper referrals, that could constitute another basis for the imposition of liability.

The jury found that the Clinic's doctor committed malpractice on August 24, 1994, by failing to refer the plaintiff's decedent to a dermatologist. However, the jury further found that such malpractice was not a proximate cause of the plaintiff's decedent's injuries, consistent with the argument of the Clinic's counsel in summation that, if the plaintiff's decedent had been referred to a dermatologist on August 24, 1994, by the time the dermatologist diagnosed her condition, it would have been too late to effectively treat her. There is no basis to disturb that finding of fact (*see, Josephson v Higgins,* 243 AD2d 444).

However, the question of whether malpractice occurred prior to that date, and whether any such malpractice was a proximate cause of the plaintiff's decedent's injuries, must be determined at a new trial.

The plaintiff's remaining contentions are unpreserved for appellate review or without merit. Santucci, J.P., Goldstein, McGinity and Crane, JJ., concur.