■ WALTER F. KLIPPEL et al., Appellants, v ALAN R. RUBINSTEIN et al., Respondents. [751 NYS2d 553] —In an action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the plaintiffs appeal from a judgment of the

Supreme Court, Orange County (Williams, J.H.O.), entered June 18, 2001, which, upon a jury verdict in favor of the defendants and against them, dismissed the complaint.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

Contrary to the plaintiffs' contentions, the Supreme Court properly declined to charge that the defendant Horton Memorial Hospital was vicariously liable for the negligent acts or malpractice of certain doctors who responded to an emergency page and assisted in the treatment of the decedent in the hospital's labor and delivery room. While a hospital *may* be vicariously liable for the malpractice of an emergency room physician even if that physician is an independent contractor at the hospital (*see Felter v Mercy Community Hosp. of Port Jervis,* 244 AD2d 385), this is not the case as a matter of law. In order for a hospital to be liable for the malpractice of physicians, it must be shown that the physicians performed their services under the hospital's control or supervision (*see generally Brooklyn Hosp.-Caledonia Hosp. v Medical Malpractice Ins. Assn.,* 286 AD2d 410; *Rivera v Bronx-Lebanon Hosp. Ctr.,* 70 AD2d 794). Here, except for the testimony of a hospital nurse that one of the physicians, Dr. Castillo, was "on the staff" of the hospital (where even the plaintiffs acknowledged in their requests to charge that this physician was not a hospital employee), the plaintiffs failed to proffer any evidence regarding the nature of the relationship between the hospital and these physicians or the level of control or supervision, if any, the hospital exercised over them. As the decedent was not admitted into the emergency room seeking treatment from the hospital, rather than a specific physician, this case is distinguishable from the line of cases in which hospitals are held vicariously liable for the acts of emergency room physicians (*see Schiavone v Victory Mem. Hosp.,* 292 AD2d 365; *Mduba v Benedictine Hosp.,* 52 AD2d 450). Here, the decedent was admitted into the hospital under the care of the respondent Dr. Alan R. Rubinstein for a routine labor and delivery. As such, a charge to the jury that the hospital would be vicariously liable for the negligent acts or malpractice of the doctors who responded to the emergency page, regardless of whether they were employees of the hospital, was not warranted.

However, with respect to one of these doctors, Dr. Andreus, an issue of fact exists as to whether he was an employee of the hospital. As the hospital would be liable for the negligent acts or malpractice of its employees, the Supreme Court erred in

declining to include in its charge, despite the plaintiffs' request, that if the jury were to find that Dr. Andreus was an employee of the hospital, then the hospital would be vicariously liable for Andreus' negligent acts or malpractice. However, since the plaintiffs presented no specific theory under which Dr. Andreus could be found negligent, other than those theories which also applied to a nurse whom the jury found not to have been negligent, any error did not affect the jury's deliberations, and reversal and a new trial are not warranted (*cf. Scott v Pershing Constr. Co.,* 112 AD2d 279).

The plaintiffs' remaining contentions are without merit. Smith, J.P., Schmidt, Adams and Cozier, JJ., concur.