■ JOVAN RODRIGUEZ, Respondent, v BOOTH MEMORIAL MEDICAL CENTER et al., Appellants, et al., Defendant. [789 NYS2d 235]—

In an action to recover damages for medical malpractice, (1) the defendant Booth Memorial Medical Center separately appeals, as limited by its notice of appeal and brief, from so much of the same order as denied that branch of its cross motion which was to preclude the plaintiff from offering certain expert testimony at trial, and (2) the defendant Maria Finley appeals from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated September 29, 2003, as granted the plaintiff's motion to restore the action to the trial calendar and denied

those branches of her cross motion which were to dismiss the complaint insofar as asserted against her or to preclude the plaintiff from offering certain expert testimony at trial.

Ordered that the order is affirmed insofar as appealed from, with costs.

When a stipulation between parties is clear and unambiguous on its face, it will be enforced according to its terms and without resort to extrinsic evidence (*see Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]; *Charter Realty & Dev. Corp. v New Roc Assoc.*, 293 AD2d 438 [2002]). Here, the stipulation clearly and unambiguously provided that the defendants would not oppose a motion by the plaintiff to restore the case to the trial calendar. Contrary to the contention of the defendant Maria Finley, there was nothing in the language of the stipulation which required restoration of the action by a certain date or conditioned restoration upon the service of a "proper" expert disclosure. Furthermore, the stipulation was not unconscionable (*see Christian v Christian*, 42 NY2d 63 [1977]). Accordingly, the Supreme Court properly granted the plaintiff's motion.

Furthermore, the Supreme Court properly denied those branches of the appellants' respective cross motions which were to preclude the plaintiff's expert from testifying at trial to certain alleged departures from care. The plaintiff's bill of particulars, which stated that the defendants failed to diagnose chorioamnionitis and that the plaintiff sustained, inter alia, cerebral palsy as a result of the defendants' negligence, was sufficient to alert the appellants to the plaintiff's theory of liability and his injuries (*see Rivera v County of Suffolk*, 290 AD2d 430 [2002]). Krausman, J.P., Luciano, Mastro and Lifson, JJ., concur.