■ HEATH DYKSTRA, Respondent, v AVALON RESTAURANT RENOVATIONS, INC., et al., Defendants, and NEW YORK CITY HEALTH & HOSPITALS CORPORATION (BELLEVUE HOSPITAL CENTER), Appellant. [875 NYS2d 29]—

Judgment, Supreme Court, New York County (Carol E. Huff, J.), entered November 13, 2007, insofar as appealed from as limited by the briefs, awarding plaintiff damages of $75,000 for past lost earnings and $1,000,000 for future lost earnings (over 30 years), upon a jury verdict in plaintiff's favor finding defendant hospital liable for medical malpractice in performing surgery on plaintiff's shoulder, unanimously modified, on the facts, the award of damages for future lost earnings vacated, a new trial directed thereon, and otherwise affirmed, without costs, unless plaintiff stipulates, within 30 days of service of a copy of this order, to reduce that award to $300,000, and to entry of judgment in accordance therewith.

The verdict is not against the weight of the evidence. Plaintiff's expert, a general surgeon with a subspecialty in vascular surgery, was not required to have practiced in the specific specialty of orthopedic surgery since he had the requisite knowledge regarding general practices for preventing blood clots during surgery (*see Robertson v Greenstein*, 308 AD3d 381, 382 [2003], *lv dismissed* 2 NY3d 759 [2004]). The weight to be

accorded his testimony, which conflicted with that of defendant's expert orthopedic surgeon concerning not only whether certain clot prevention techniques were indicated but also whether use of such techniques would have prevented the injury-causing clot, was "a matter peculiarly within the province of the jury" (*Torricelli v Pisacano*, 9 AD3d 291, 293 [2004], *lv denied* 3 NY3d 612 [2004] [internal quotation marks and citations omitted]). Defendant's argument that plaintiff's expert should not have been allowed to testify because he practices in Connecticut, not New York, where the surgery took place, was not raised before the trial court, and we decline to consider it.

The challenged damage award for past lost earnings is supported by the evidence. However, the evidence established future lost earnings only in the amount of $300,000; the jury award in excess of that amount was based on a purely hypothetical earning capacity. Concur—Andrias, J.P., Friedman, Buckley, Catterson and Acosta, JJ.