| **Malave v Kini** |
|:---:|
| 2024 NY Slip Op 30520(U) |
| February 15, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 805456/2017 |
| Judge: King |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. KATHY J. KING** | **PART** 06 |
| | *Justice* | |

---------------------------------------------------------------------------------X

CRISTINA M. MALAVE,

                            Plaintiff,

                  - v -

SUBHASH U. KINI, M.D., DAMALI ADU, M.D., THE MOUNT SINAI HOSPITAL, IL JOON PAIK, M.D., UNIVERSITY MEDICAL PRACTICE ASSOCIATES AT ESPLANADE WELLNESS CENTER, UMPA AT ESPLANADE WELLNESS CENTER, MOUNT SINAI DOCTORS, THE MOUNT SINAI HEALTH SYSTEM, INC.

                          Defendants.

---------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 805456/2017 |
| **MOTION DATE** | 01/27/2022, 02/22/2022 |
| **MOTION SEQ. NO.** | 001 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 110, 112, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 136, 137, 143

were read on this motion to/for                     JUDGMENT - SUMMARY         .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 109, 111, 113, 133, 134, 135, 138, 139, 140

were read on this motion to/for                     JUDGMENT - SUMMARY         .

Upon the foregoing papers, and after oral argument, defendants The Mount Sinai Hospital ("Mount Sinai"), Damali Adu, M.D. ("Dr. Adu"), Il Joon Paik, M.D. ("Dr. Paik"), (collectively referred to as the "Mt. Sinai defendants"), The Icahn School of Medicine at Mount Sinai s/h/a University Medical Practice Associates at Esplanade Wellness Center d/b/a UMPA at Esplanade Wellness Center a/k/a Mount Sinai Doctors and The Mount Sinai Health System, Inc., seek an order, pursuant to CPLR § 3212, granting summary judgment dismissing the complaint and amending the caption by deleting the names of the moving defendants (Motion Seq. 01).

**805456/2017   MALAVE, CRISTINA M. vs. KINI, M.D., SUBHASH U.**
**Motion No.  001 002**

**Page 1 of 14**

[* 1]

Defendant Subhash U. Kini, M.D. ("Dr. Kini") also moves, pursuant to CPLR § 3212, for summary judgment based on the following: 1) that there were no departures in connection with the medical and surgical care provided by Dr. Kini and no casual connection between the care at issue and the plaintiff's alleged injuries; 2)that plaintiff cannot support a claim for lack of informed consent and seeks an order directing the entry of judgment in favor of Dr. Kini; or in the alternative, 4) granting partial summary judgment and limitation of the facts for trial of this action, pursuant to CPLR § 3212(e) and (g) (Motion Seq. No. 02).[1]

Plaintiff submits partial opposition to the respective motions.

### BACKGROUND

Plaintiff, who was 27 years old at the time, underwent bariatric surgery by Dr. Kini in September 2016.[2] On December 2, 2016, plaintiff was hospitalized at defendant Mt. Sinai Hospital for treatment of sepsis and a gluteal abscess. It was noted in the medical record that plaintiff's past medical history was significant for morbid obesity, acute pelvic inflammatory disease and reflux. Dr. Kini performed an incision and drainage of the abscess with debridement.

On December 4, 2016, laboratory values indicated that plaintiff's kidney enzyme level had increased (creatinine), and that her potassium level was low. The surgical team sought a Nephrology consultation, which included non-party Dr. Vassalotti and Dr. Adu, a Nephrology fellow. An acute kidney injury was suspected, and the plan of care was conservative treatment with intravenous fluids and electrolytes, and continued monitoring of her renal function. The plaintiff's creatinine level trended downward thereafter, and on December 11, 2016, she was discharged from the Nephrology service with instructions to follow up with the Nephrology clinic

---

[1] Mot Seq 1 and Mot Seq 2 are consolidated for purposes of disposition.

[2] Plaintiff does not assert a claim that the gastric bypass surgery performed by Dr. Kini was contraindicated or improperly performed.

**805456/2017 MALAVE, CRISTINA M. vs. KINI, M.D., SUBHASH U.** **Page 2 of 14**
**Motion No. 001 002**

[* 2]

after discharge from the hospital. Two days later, on December 12, 2016, plaintiff was discharged from the hospital. According to the medical record, at that time plaintiff's potassium level was slightly low, but her condition was otherwise stable. She was instructed to follow up with Dr. Kini as well as the Nephrology clinic.

On December 14, 2016, plaintiff presented to Dr. Kini with complaints of diarrhea and difficulty tolerating some foods. Dr. Kini instructed her to follow up with a Gastroenterologist, and ordered blood work. On that date, plaintiff also presented for a follow-up visit to the Nephrology clinic and was seen by Dr. Vassalotti and Dr. Adu. She complained of nausea and diarrhea. Plaintiff's blood pressure was noted to be elevated. Laboratory values indicated that plaintiff's creatinine level was trending downward, and her potassium level was increasing. The plan of care included instructions to stay well hydrated. Dr. Adu noted that the improved laboratory values demonstrated that plaintiff's kidney function was improving, and in addition to repeat bloodwork, the Nephrology team recommended that plaintiff be closely followed, and instructed plaintiff to return in four weeks.

On December 16, 2016, plaintiff presented to Gastroenterologist Dr. Paik, with complaints of abdominal pain and vomiting. Previously, in April and November of 2016, Dr. Paik had performed an endoscopy, and diagnosed and treated plaintiff for erosive gastritis, reflux and complaints of constipation and bloating. According to Dr. Paik, he first learned of plaintiff's recent hospitalization and outpatient follow-up visits with Dr. Kini and Dr. Adu at the December 16, 2016, visit. He reviewed plaintiff's medical record and Dr. Adu's treatment plan, as written in her note of December 14, 2016. Dr. Paik counseled plaintiff on the need to eat small meals, and recommended an upper GI series to rule out gastrointestinal disturbances, with follow-up thereafter. He instructed plaintiff to go to the Emergency Room if her gastrointestinal symptoms

[* 3]

continued.  At his deposition, Dr. Paik testified that he does not treat electrolyte imbalance, and that he was aware that plaintiff was being treated for that condition by Dr. Kini and Dr. Adu.

On December 16, 2016, after her visit with Dr. Paik, plaintiff went to a pizzeria, and went into cardiac arrest soon after entering the premises.  She was treated by EMS, and received defibrillation, and a normal heart rhythm was established.  Plaintiff was taken to non-party Metropolitan Hospital, where treatment included implantation of a cardioverter defibrillator, and she was discharged on December 20, 2016.

Thereafter, plaintiff commenced the underlying action, alleging three causes of action in her complaint:  medical malpractice, lack of informed consent,[3] and negligent hiring and supervision by defendants Mt. Sinai Hospital, The Icahn School of Medicine at Mount Sinai s/h/a University Medical Practice Associates at Esplanade Wellness Center d/b/a UMPA at Esplanade Wellness Center a/k/a Mount Sinai Doctors and The Mount Sinai Health System, Inc.

### DISMISSAL OF THE MT. SINAI DEFENDANTS (MOT. SEQ 01) AND DR. KINI'S (MOT. SEQ 02) MEDICAL MALPRACTICE CAUSE OF ACTION

It is well-settled that "[t]o sustain a cause of action for medical malpractice, a plaintiff must prove two essential elements: (1) a deviation or departure from accepted practice, and (2) evidence that such departure was a proximate cause of plaintiff's injury" (*Frye v Montefiore Med. Ctr.*, 70 AD3d 15, 24 [1st Dept 2009]; *see Roques v Noble*, 73 AD3d 204 [1st Dept 2010]; *Elias v Bash*, 54 AD3d 354 [2d Dept 2008]; *DeFilippo v New York Downtown Hosp.*, 10 AD3d 521 [1st Dept 2004]).  A defendant physician moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law by establishing the absence of a triable issue of fact

---

[3] Plaintiff's complaint sets forth a cause of action for lack of informed consent against all defendants; however, the Court notes that the Mt. Sinai defendants do not address this cause of action in their moving papers. Plaintiff, in opposition, addresses the lack of informed consent solely as to Dr. Kini.

**805456/2017   MALAVE, CRISTINA M. vs. KINI, M.D., SUBHASH U.**                    **Page 4 of 14**
  **Motion No.  001 002**

4 of 14

[* 4]

as to his or her alleged departure from accepted standards of medical practice (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Frye v Montefiore Med. Ctr.*, 70 AD3d 15), or by establishing that the plaintiff was not injured by such treatment (*see McGuigan v Centereach Mgt. Group, Inc.*, 94 AD3d 955 [2d Dept 2012]; *Sharp v Weber*, 77 AD3d 812 [2d Dept 2010]; *see generally Stukas v Streiter*, 83 AD3d 18 [2d Dept 2011]). To satisfy this burden, a defendant must present expert opinion testimony that is supported by the facts in the record, addresses the essential allegations in the complaint or the bill of particulars, and is detailed, specific, and factual in nature (*see Roques v Noble*, 73 AD3d at 206; *Joyner-Pack v. Sykes*, 54 AD3d 727 [2d Dept 2008]; *Koi Hou Chan v Yeung*, 66 AD3d 642 [2d Dept 2009]; *Jones v Ricciardelli*, 40 AD3d 935 [2d Dept 2007]). Furthermore, to satisfy his or her burden on a motion for summary judgment, a defendant must address and rebut specific allegations of malpractice set forth in the plaintiff's bill of particulars (*see Wall v Flushing Hosp. Med. Ctr.*, 78 AD3d 1043 [2d Dept 2010]; *Grant v Hudson Val. Hosp. Ctr.*, 55 AD3d 874 [2d Dept 2008]; *Terranova v Finklea*, 45 AD3d 572 [2d Dept 2007]).

Once the proponent of a summary judgment motion makes a showing of entitlement to dismissal by tendering evidence sufficient to demonstrate the absence of material issues of fact, the burden shifts to the opposing party "to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." (*Alvarez v Prospect Hosp.*, 68 NY2d at 324;. *see also Menzel v Plotnick*, 202 AD2d 558 [2d Dept 1994]; *Salamone v Rehman*, 178 AD2d 638 [2d Dept 1991]).

As a threshold matter, the Court finds that all claims as to defendant Dr. Adu, individually, must be dismissed as a matter of law.[4] The record establishes that Dr. Adu was a Nephrology fellow whose care and treatment of the plaintiff during her hospitalization and after her discharge

---

[4] Plaintiff does not oppose this branch of defendants' motion.

**805456/2017   MALAVE, CRISTINA M. vs. KINI, M.D., SUBHASH U.**
**Motion No.  001 002**

**Page 5 of 14**

from the hospital, was under the direction and supervision of the Nephrology attending physician. It is well settled that "when supervised medical personnel are not exercising their independent medical judgment, they cannot be held liable for medical malpractice unless the directions from the supervising superior or doctor so greatly deviates from normal medical practice that they should be held liable for failing to intervene" (*Bellafiore v Ricotta*, 83 AD3d 632 [2d Dept 2011]; *see Filippone v St. Vincent's Hosp. & Med. Ctr. of N.Y.*, 253 AD2d 616 [1st Dept. 1998]).

In support of their motion for summary judgment, the Mt. Sinai defendants submit the affirmation of Nathaniel Berman, M.D. ("Dr. Berman"), who is board certified in Nephrology and Internal Medicine. Upon review of the pleadings, relevant medical records, and deposition testimony of plaintiff and the Mt. Sinai defendants, Dr. Berman opines, with a reasonable degree of medical certainty, that plaintiff's acute kidney injury and electrolyte imbalance were timely diagnosed and appropriately treated. In this regard, Dr. Berman opines that the Mt. Sinai defendants acted within the standard of care in conservatively treating plaintiff's kidney injury, and that the treatment plan implemented by the Mt. Sinai defendants, which included intravenous fluids and electrolyte replacement, was shown to be effective based on the stabilization of plaintiff's creatinine level, and normalization of her potassium levels. Dr. Berman opines that the subject treatment plan was not the proximate cause of plaintiff's alleged injuries, including her cardiac arrest.

The Mt. Sinai Defendants also submit the affirmation of Mark A. Schattner ("Dr. Schattner"), a board certified physician in Gastroenterology, who also opined with a reasonable degree of medical certainty. Dr. Schattner opines that Dr. Paik's treatment of the plaintiff was strictly limited to plaintiff's gastrointestinal complaints, including erosive gastritis, which may cause nausea, vomiting, loss of appetite, weakness, bleeding and ulcers. Dr. Schattner further

805456/2017   MALAVE, CRISTINA M. vs. KINI, M.D., SUBHASH U.                Page 6 of 14
Motion No.  001 002

6 of 14

[* 6]

opines that considering plaintiff's history of erosive gastritis and bariatric surgery, it was within the standard of care for Dr. Paik to recommend an upper gastrointestinal series to investigate her complaints, and to instruct her to go to the Emergency Room if the symptoms continued since Dr. Paik's practice does not treat kidney disorders. Specifically, both experts concluded that Dr. Paik did not depart from the standard of care since a Gastroenterologist, like Dr. Paik, is expected to rely on treatment rendered by the Nephrologists with respect to an acute kidney injury. Dr. Schattner opines that having first learned of plaintiff's kidney injury and electrolyte imbalance at the December 16, 2016, clinic visit, which was being treated by Nephrology specialists, Dr. Paik was not authorized to override their plan of care.

Dr. Schattner opines that Dr. Paik always acted within accepted standards of care during the alleged dates of negligence, and that no act or omission by him was the proximate cause of the alleged injuries, including but not limited to plaintiff's cardiac arrest.

Based on the expert affirmations of Dr. Berman and Dr. Schattner, the Court finds that the Mt. Sinai defendants have met their prima facie burden establishing their entitlement to summary judgment as a matter of law.

The Court now considers the expert affirmation of Bruce Farber, M.D. ("Dr. Farber"), a board certified physician in Internal Medicine and Infectious Disease in support of Dr. Kini's motion as to plaintiff's allegations of medical malpractice. Based on his review of the pleadings, pertinent medical records and the deposition transcripts, Dr. Farber opines, to a reasonable degree of medical certainty, that Dr. Kini adhered to accepted standards of medical practice while rendering care to plaintiff, that the antibiotic therapy administered to plaintiff was appropriate during her hospitalization, and that she was properly discharged from the hospital on December 12, 2016. He further opines that none of the alleged departures are causally connected to plaintiff's

805456/2017   MALAVE, CRISTINA M. vs. KINI, M.D., SUBHASH U.          Page 7 of 14
Motion No. 001 002

7 of 14

claimed injuries, and that Dr. Kini's acts or omissions did not cause plaintiff's injuries. More specifically, Dr. Farber opines that there is no causal connection between the antibiotic management administered to plaintiff by Dr. Kini and plaintiff's development of acute kidney injury and abnormal electrolyte levels, and the subsequent cardiac event. He opines that acute kidney injury is an intrinsic risk of intravenous antibiotic treatment, and that in any event, it was likely the result of the infectious process, and was not caused by the intravenous administration of the antibiotic Vancomycin.

Dr. Farber further opines that the incision and drainage of the abscess performed by Dr. Kini was appropriate. During the hospitalization when plaintiff was found to have elevated kidney enzymes, Dr. Kini properly obtained a Nephrology consult, and intravenous antibiotic administration was adjusted. When plaintiff's white blood cell count increased a couple of days later, Dr. Kini properly sought an Infectious Disease consultation, and a different intravenous antibiotic was administered.

Dr. Farber opines that the decision to discharge plaintiff on December 12, 2016, was appropriate based upon stable lab values and plaintiff's clinical presentation. Plaintiff's potassium level was slightly low at the time of discharge; however, it was negligible and would not have caused cardiac arrest. Further, plaintiff's white blood count was stabilizing, the wound was improving, and the plaintiff had no complaints. Dr. Farber opines that Dr. Kini gave plaintiff instructions regarding postoperative care and appropriately discharged her on oral antibiotics, as recommended by the Infectious Disease specialists.

In further support of the motion, Dr. Kini submits the affirmation of Mitchell Roslin, M.D. ("Dr. Roslin") a board- certified physician in Surgery, and Stanley Schneller, M.D. ("Dr. Schneller"), a board-certified physician in Internal Medicine and Cardiovascular Disease. Both

805456/2017   MALAVE, CRISTINA M. vs. KINI, M.D., SUBHASH U.      Page 8 of 14
Motion No.  001 002

8 of 14

[* 8]

experts opine to a reasonable degree of medical certainty, based upon a review of the bills of particulars, medical records, and deposition transcripts.

Dr. Roslin opines that Dr. Kini's care and treatment of plaintiff during the December 2, 2016, hospitalization, her discharge from the hospital on December 12, 2016, and Dr. Kini's post-operative care and treatment of plaintiff was appropriate. Dr. Roslin, consistent with the opinion of Dr. Farber, opines that plaintiff's discharge from the hospital on December 12, 2016, was proper, and that the treatment rendered to plaintiff by Dr. Kini during the December 14, 2016, outpatient visit was appropriate.

Based on the foregoing, Dr. Kini has demonstrated his prima facie entitlement to summary judgment as a matter of law that he did not depart from accepted standards of medical practice in his care and treatment of plaintiff, and that plaintiff's cardiac injuries were not proximately caused by any act and/or omission by him. (*see Steinberg v Lenox Hill Hosp.*, 148 AD3d 612 (1st Dept 2017); *Camacho v Pintauro*, 210 AD3d 578 [1st Dept 2022]).

Plaintiff, in opposition, submits the expert affirmation of a board-certified physician in Internal Medicine, Cardiovascular Disease and Interventional Cardiology, as well as the affirmation of a board-certified physician in Internal Medicine to rebut the prima facie showing of the Mt. Sinai defendants and Dr. Kini. As a threshold matter, while plaintiff's experts are not board certified in Nephrology and/or Gastroenterology the Court shall consider their opinions since the affirmations of plaintiff's experts demonstrate that they possess the requisite general knowledge to render an opinion regarding the symptoms presented by plaintiff on the dates of the alleged negligence (*see Ocasio-Gary v Lawrence Hosp.*, 69 AD3d 403 [1st Dept 2010]; *Dykstra v Avalon Rest. Renovations, Inc.*, 60 AD3d 446 [1st Dept 2009]).

805456/2017   MALAVE, CRISTINA M. vs. KINI, M.D., SUBHASH U.                     Page 9 of 14
Motion No.  001 002

9 of 14

[* 9]

Based upon their review of the pleadings, the medical records, and the affirmations of defendants' experts, both experts opine that the Mt. Sinai defendants and Dr. Kini departed from accepted standards of medical care by prematurely discharging plaintiff from the hospital on December 12, 2016, and that said departures were the proximate cause and contributed to plaintiff's alleged injuries, including cardiac arrest.  Notably, the Cardiology expert opines that plaintiff's presenting symptoms at those clinic visits, in particular on December 16th, which included  nausea, vomiting, diarrhea, difficulty swallowing and epigastric pain, along with increased blood pressure, indicated she was at risk for a cardiac event.  The Court finds that the expert affirmations raise issues of fact as to whether plaintiff required intravenous fluids and daily monitoring until her sepsis, acute kidney injury and electrolyte imbalances resolved. Additionally, contrary to the contentions of defendants' experts, who opined that Dr. Paik was not authorized to override the plan of care of plaintiff's treating Nephrologists, plaintiff raises an issue of fact as to Dr. Paik's failure to refer her to an Emergency Room or to admit her to the hospital that day on an emergent basis (*see Botawski v Huang*, 34 AD3d 409, 410 [2d Dept 2006] [expert testimony that a referral should have been made and what would have resulted from such gave "a rational basis to [the] jury" as to causation]).  "Summary judgment is not appropriate ... [when] the parties [submit] conflicting medical expert opinions because [s]uch conflicting expert opinions will raise credibility issues which can only be resolved by a jury" (*Cummings v Brooklyn Hosp. Ctr*., 147 AD3d 902, 904 [2d Dept 2017], quoting *DiGeronimo v Fuchs*, 101 AD3d 933 [2d Dept 2012] [internal quotation marks omitted]; *see Elmes v Yelon*, 140 AD3d 1009 [2d Dept 2016]; *Leto v Feld*, 131 AD3d 590 [2d Dept 2015]).

### DR. KINI'S SUMMARY JUDGMENT MOTION FOR DISMISSAL OF THE CAUSE OF ACTION OF LACK OF INFORMED CONSENT (MOT. SEQ 02)

805456/2017   MALAVE, CRISTINA M. vs. KINI, M.D., SUBHASH U.                     Page 10 of 14
Motion No.  001 002

10 of 14

It is well-settled that a defendant moving for summary judgment on a lack of informed consent claim must demonstrate that a plaintiff was informed of any foreseeable risks, benefits, or alternatives of the treatment rendered (*see Henry v Bezalel Rehabilitation & Nursing Center,* 2020 NY Slip Op 30369(U) [Sup Ct, NY County 2020]; *Koi Hou Chan v Yeung*, 66 AD3d 642.

The record reveals that plaintiff signed a consent form authorizing Dr. Kini to perform an incision and drainage of her gluteal abscess and possible debridement, which is prima facie evidence of informed consent. Evidence of an "informed consent" discussion in the form of deposition testimony or medical records strengthens the defendants' showing in this regard (*Orphan v Pilnik*, 66 AD3d 543 [1st Dept 2009], *affd* 15 NY3d 907 [2010]).

Accordingly, Dr. Kini has established prima facie entitlement to summary judgment as a matter of law on the informed consent cause of action, which plaintiff does not oppose.

### DISMISSAL OF THE MOUNT SINAI DEFENDANTS' NEGLIGENT HIRING AND SUPERVISION CAUSE OF ACTION (MOT. SEQ 02)

As to plaintiff's cause of action for negligent hiring and supervision, the deposition testimony of Drs. Kini, Adu and Paik establish that they are employees of defendant Mount Sinai Hospital. "Generally, where an employee is acting within the scope of his or her employment, the employer is liable for the employee's negligence under a theory of respondeat superior and no claim may proceed against the employer for negligent hiring, retention, supervision or training of the employee" (*S.W. v Catskill Regional Medical Ctr.*, 211 AD3d 890, 891 [2d Dept 2022], quoting *Talavera v Arbit*, 18 AD3d 738 [2d Dept 2005] [internal quotation marks omitted]).

As a hospital furnishing doctors, staff and facilities for emergency treatment, Mt. Sinai was under a duty to perform such services and is liable for the negligent performance of those services by the doctors and staff it hired and furnished (*see Klippel v Rubinstein*, 300 AD2d 448 [2d Dept

805456/2017  MALAVE, CRISTINA M. vs. KINI, M.D., SUBHASH U.       Page 11 of 14
Motion No.  001 002

11 of 14

[* 11]

2002]; *Rivera v County of Suffolk*, 290 AD2d 430 [2d Dept 2002]; *Mduba v Benedictine Hosp.*, 52 AD2d 450 [3d Dept 1976]).

In opposition, plaintiff has rebutted the Mt. Sinai defendants' prima facie showing as to plaintiff's discharge from Mt. Sinai and subsequent clinic visits; whether Mt Sinai employees Drs. Kini, Adu and Paik deviated from the standards of care in rendering said services; and whether such deviations caused plaintiff's cardiac arrest. As a result, dismissal of plaintiff's claim sounding in vicarious liability is not warranted.

As to the negligent hiring and supervision cause of action against The Ichan School of Medicine at Mount Sinai s/h/a University Medical Practice Associates at Esplanade Wellness Center d/b/a UMPA at Esplanade Wellness Center a/k/a Mount Sinai Doctors and The Mount Sinai Health System, the Court finds that plaintiff has presented no evidence that these defendants had any relationship with Mt. Sinai Hospital, and as a result these claims must be dismissed.

Accordingly, it is hereby

**ORDERED AND ADJUDGED**, that the motion of the Mt. Sinai defendants (Mot. Seq. 01) is granted to the extent of 1) dismissing plaintiff's complaint against Damali Adu, M.D. and defendants University Medical Practice Associates at Esplanade Wellness Center d/b/a UMPA at Esplanade Wellness Center a/k/a Mount Sinai Doctors and The Mount Sinai Health System, Inc.; and in all other respects, the motion is denied; and it is further

**ORDERED AND ADJUDGED,** that the caption is amended to delete the names of Damali Adu, M.D. and defendants University Medical Practice Associates at Esplanade Wellness

805456/2017   MALAVE, CRISTINA M. vs. KINI, M.D., SUBHASH U.
Motion No.  001 002

Page 12 of 14

Center d/b/a UMPA at Esplanade Wellness Center a/k/a Mount Sinai Doctors and The Mount Sinai

Health System, Inc; and it is further

**ORDERED AND ADJUDGED,** that the Clerk of the Court is directed to amend the

caption to read as follows:

-------------------------------------------------------------------X

CRISTINA M. MALAVE,

              Plaintiff,                           Index No. 805456/2017

      -against-

SUBHASH U. KINI, M.D., THE MOUNT SINAI
HOSPITAL AND IL JOON PAIK, M.D.,

              Defendants.
-------------------------------------------------------------------X

and it is further;

**ORDERED AND ADJUDGED**, that the motion of Dr. Kini (Mot. Seq. 02) is granted to

the extent of dismissing the informed consent cause of action and in all other respects, the motion

is denied; and it is further

**ORDERED**, that within twenty (20) days of entry of this order, counsel for plaintiff shall

serve a copy of this order with notice of entry upon all parties and the Clerk of the Court (60 Centre

Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119),

who are directed to enter judgment in accordance with this order; and it is further

**ORDERED**, that service upon the Clerk of the Court and the Clerk of the General Clerk's

Office shall be made in accordance with the procedures set forth in the Protocol on Courthouse

**805456/2017   MALAVE, CRISTINA M. vs. KINI, M.D., SUBHASH U.**
**Motion No.  001 002**
                                         **Page 13 of 14**

[* 13]

and County Clerk Procedures for Electronically Filed Cases (accessible a the "E-Filing" page on

the court's website at the address www.nycourts.gov/supctmanh).

This constitutes the Decision and Order of the Court.

| 2/15/24 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | KATHY J. KING, J.S.C | |
| **CHECK ONE:** | ☐ CASE DISPOSED | | X NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☐ DENIED | X GRANTED IN PART | | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | | ☐ REFERENCE |

805456/2017   MALAVE, CRISTINA M. vs. KINI, M.D., SUBHASH U.
Motion No.  001 002

Page 14 of 14

14 of 14