■ HOWARD SMITH, Appellant, v ROBERT CATTANI, M.D., Respondent. [769 NYS2d 32]—

Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered October 21, 2002, which granted defendant's motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny the motion with respect to plaintiff's first cause of action, for medical malpractice, and that cause reinstated, and otherwise affirmed, without costs.

Summary judgment dismissing plaintiff's cause of action for medical malpractice should have been denied since the affirmation of plaintiff's expert, a plastic surgeon, was sufficient to raise factual issues as to whether defendant doctor's decision to treat plaintiff's baldness with hair transplants was medically appropriate and as to whether the transplants were performed in accordance with prevailing professional standards of professional care (*cf. Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986];

*Burt v Lenox Hill Hosp.*, 141 AD2d 378 [1988]). The triable issues include whether plaintiff, at the time he entered defendant's care, manifested an abnormal baldness pattern with hair loss in the lower occipital region that should have alerted defendant to the existence of a condition causing hair loss not amenable to treatment by means of hair transplantation or, at least, to the need for a dermatological consultation in advance of any decision to proceed with hair transplant surgery; and as to whether defendant selected donor sites situated high on the back of plaintiff's head, i.e., in areas where hair is often genetically programmed to fall out, and thereby compromised the efficacy of the surgery.

Summary judgment was, however, properly granted dismissing plaintiff's cause of action premised on defendant's alleged failure to obtain plaintiff's informed consent to the hair transplantation procedures. The documentary evidence establishes that before each of plaintiff's seven surgeries, defendant notified him of the reasonably foreseeable risks and benefits of the surgery, as well as alternatives to the proposed treatment, including no treatment (*see* Public Health Law § 2805-d [1]; *Lynn G. v Hugo*, 96 NY2d 306 [2001]). Concur—Mazzarelli, J.P., Saxe, Williams, Lerner and Marlow, JJ.