Zeoli v Jacobowitz (2021 NY Slip Op 04004)





Zeoli v Jacobowitz


2021 NY Slip Op 04004


Decided on June 22, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 22, 2021

Before: Renwick, J.P., Kennedy, Scarpulla, Mendez, JJ. 


Index No. 156102/17 Appeal No. 14108 Case No. 2020-03904 

[*1]Anthony Zeoli et al., Plaintiffs-Appellants,
v
Ofer Jacobowitz, M.D., et al., Defendants-Respondents.


Shearer PC, Locust Valley (Douglas Shearer of counsel), for appellants.
Martin Clearwater & Bell LLP, New York (Barbara D. Goldberg of counsel), for respondents.



Order, Supreme Court, New York (Eileen A. Rakower, J.), entered on or about September 10, 2020, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing plaintiffs' claim for lack of informed consent, unanimously affirmed, without costs.
Defendants made a prima facie showing of informed consent by submitting deposition testimony and medical records establishing that they informed plaintiff Anthony Zeoli of the reasonably foreseeable risks associated with the procedures, and that plaintiff signed a written consent form indicating his understanding of those risks (see Public Health Law § 2805—d[1]; Lynn G. v Hugo, 96 NY2d 306 [2001]; Matter of Colletti v Schiff, 98 AD3d 887 [1st Dept 2012]; Smith v Cattani, 2 AD3d 259 [1st Dept 2003]). The written consent explicitly stated, "Your throat will have been re-fashioned and swallowing may feel differently than before. It will take time to readjust to swallowing with a newly configured throat. Rarely some patients will report some difficulty swallowing permanently," sufficiently alerting Zeoli to the exact complication alleged to have occurred here. Plaintiffs' claim that the doctor minimized the risk and failed to advise that CPAP was a no risk alternative, is a feigned issue of fact, contradicted by the medical records, which list multiple conversations concerning plaintiff's prior attempts to use a CPAP machine, attempts that failed due to plaintiff's reported claustrophobia and discomfort (see Bamberg-Taylor v Strauch, 192 AD3d 401 [1st Dept 2021]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 22, 2021