Krembs v NYU Langone Hosps. (2023 NY Slip Op 01236)

Krembs v NYU Langone Hosps.

2023 NY Slip Op 01236

Decided on March 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 09, 2023

Before: Webber, J.P., Kern, Oing, Friedman, González, JJ. 

Index No. 805375/12, 805372/19 Appeal No. 17469-17470-17471-17472 Case No. 2021-01497, 2021-01498, 2021-02388, 2021-02389 

[*1]Susan Krembs, Plaintiff-Appellant,
v
NYU Langone Hospitals et al., Defendants-Respondents, Baxter International, Inc., et al., Defendants. Susan Krembs, Plaintiff-Appellant,

The Flomenhaft Law Firm, PLLC, New York (David C. Zegarelli of counsel), for appellant.
Martin Clearwater & Bell, LLP, New York (Barbara D. Goldberg of counsel), for NYU Langone Hospitals, Andreas N. Neophytides, Andreas N. Neophytides, M.D., P.C., Neurological Consultants of New York P.C., Michael L. Smith, Michael L. Smith, M.D., P.C., Robert E. Elliott, Robert E. Elliott, M.D., P.C. and Stephen P. Kalhorn, respondents.
Mauro Lilling Naparty, LLP, Woodbury (Seth M. Weinberg of counsel), for Emile Hiesiger, M.D. and Emile Hiesiger, M.D., P.C., respondents.

Orders, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about March 24, 2021, March 29, 2021, and June 9, 2021, which, respectively, denied plaintiff's motion pursuant to CPLR 306-b to extend her time to file and serve a supplemental summons, amended verified complaint and certificate of merit on NYU School of Medicine (SOM), granted defendants' motion for summary judgment to the extent of dismissing the claims for lack of informed consent, vicarious liability as against NYU Langone Hospitals Center (Langone), and premised on Complex Regional Pain Syndrome (CRPS), and denied plaintiff's motion to consolidate this action with an action pending before the same court and Justice, unanimously modified, on the law, to deny defendants summary judgment dismissing the claim premised on CRPS, and otherwise affirmed, without costs.
Supreme Court providently exercised its discretion in denying plaintiff's motion for an extension of time to serve SOM in the interest of justice (see CPLR 306-b). In 2017, the court granted plaintiff's motion to add SOM as a defendant. Plaintiff subsequently made no attempt to serve SOM and did not move for relief until seven months after defendants moved for summary judgment, arguing that any claims against SOM should be dismissed as abandoned since it was never served, and the statute of limitations had since expired. While diligence and delay are not threshold issues when seeking an extension of time in the interest of justice, they remain factors to be considered by the court, and, under these circumstances, we agree that an extension of time was not warranted (see Sutter v Reyes, 60 AD3d 448, 449 [1st Dept 2009]; see also Khedouri v Equinox, 73 AD3d 532, 533 [1st Dept 2010]; Shelkowitz v Rainess, 57 AD3d 337, 337 [1st Dept 2008]).
Plaintiff's vicarious liability claim against Langone on a theory of ostensible agency was properly dismissed. The record established that plaintiff was referred to defendant neurologist, Andreas N. Neophytides, M.D., by her primary care physician, and Dr. Neophytides referred her to defendant neurosurgeon, Michael L. Smith, M.D., prior to her admission to Langone. Plaintiff testified that she was aware before she went to Langone that Dr. Smith would be performing the surgery (see Pratt v Haber, 105 AD3d 429, 429 [1st Dept 2013]). Accordingly, the fact that plaintiff was admitted through the emergency room, had no prior relationship with Dr. Smith, signed consent forms on Langone letterhead, and underwent presurgical testing at Langone, does not create ostensible agency (see King v Mitchell, 31 AD3d 958, 960-961 [3d Dept 2006]).
Plaintiff's lack of informed consent claim was also properly dismissed. Contemporaneous medical records and deposition testimony establish that plaintiff was advised of the reasonably foreseeable risks of surgery and offered specific nonsurgical options like medication and steroid injections (see Zeoli v Jacobowitz, 195 AD3d 547, 547-548 [1st Dept [*2]2021]). Plaintiff's contention that defendants did not obtain her informed consent because she was misinformed that the surgery was necessary does not counter the evidence that she was advised of the specific risks and benefits of surgery and offered alternatives (see Public Health Law § 2805-d; Walker v Saint Vincent Catholic Med. Ctrs., 114 AD3d 669, 670-671 [2d Dept 2014]).
With respect to plaintiff's claim premised on CRPS, we find that defendants failed to make a prima facie showing that plaintiff did not suffer from such condition. Defendants' expert's recital of plaintiff's post-operative symptoms was not supported by record evidence and his opinion that her later development of symptoms associated with CRPS could not be attributed to the surgery was conclusory, and thus insufficient to establish defendants entitlement to summary judgment on this claim (see Roques v Noble, 73 AD3d 204, 206 [1st Dept 2010]; Ocasio-Gary v Lawrence Hosp., 69 AD3d 403, 404 [1st Dept 2010]). Since defendants failed to meet their prima facie burden, we need not consider the sufficiency of plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
We find no reason to disturb Supreme Court's decision denying plaintiff's motion to consolidate pursuant to CPLR 602(a). The two actions involve disparate medical procedures, time periods, medical records, and witnesses. Moreover, since the two actions are at vastly different stages of litigation — eight years of discovery have been completed in the first action, while discovery is just beginning in the second action — consolidation would not serve judicial economy or the interest of justice (see L.B. v Stahl York Ave. Co., 188 AD3d 421 [1st Dept 2020]; Ramos v City of New York, 30 AD3d 201 [1st Dept 2006]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 9, 2023