| |
|:---:|
| **Berzosa v Kim** |
| 2025 NY Slip Op 31656(U) |
| May 6, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 805406/2019 |
| Judge: Kathy J. King |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. KATHY J. KING</u>        PART        **06**

*Justice*

------------------------------------------------------------------------------X

LAURA C. PERALTA BERZOSA,

                Plaintiff,

        - v -

LYVAN KIM DMD, VINH LY DDS, and LEE FAMILY
DENTISTRY, P.C.,

                Defendants.

------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 805406/2019 |
| MOTION DATE | 12/18/2023 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86

were read on this motion to/for            JUDGMENT - SUMMARY        .

Upon the foregoing documents, and oral arguments having been heard, Defendants Dr. Lyvan Kim, D.M.D. ("Dr. Kim"), and Lee Family Dentistry, P.C., (collectively "Defendants") move for summary judgment and dismissal of the Plaintiff's complaint in its entirety with prejudice, pursuant to CPLR 3212, and directing the clerk of the Court to enter judgment accordingly.

Plaintiff opposes this motion.[1]

## BACKGROUND

In this action, Plaintiff's complaint alleges medical malpractice, lack of informed consent, and res ipsa loquitur arising from dental surgery by Defendants.

Plaintiff's complaint alleges that her oral surgery and dental malpractice claims arose on June 22, 2017, which involved placing implant posts at teeth #29 and #30 (the right mandibular

---

[1] The Plaintiff dismissed her claims against the Defendant VINH LY, DDS, only, with prejudice, pursuant to NYSCEF document number 58.

**805406/2019 PERALTA BERZOSA, LAURA C. vs. KIM DMD, LYVAN**        **Page 1 of 9**
**Motion No. 002**

2nd premolar and right mandibular 1st molar, respectively, at the Plaintiff's right lower jaw) to replace missing teeth in this area. On the date of the surgery Dr. Kim surgically cut into the gum at teeth #29 and #30 to expose the bone for placement of the implant post. Shortly after cutting open the gum, Dr. Kim aborted the implant procedure, opting instead for sutures and no implant post(s). Immediately after this aborted procedure, Plaintiff started experiencing right anterior mouth and lip numbness.

Plaintiff claims that during the June 22, 2017 oral surgery, Defendants traumatically injured Plaintiff's right inferior alveolar nerve ("IAN") and Plaintiff suffered nerve damage, including severe sensory deficits in the form of paresthesia and decreased sensation, in the area of the right lower jaw, right anterior mouth/lip and chin. Plainitff also claims that the alleged injury has adversely affected Plaintiff's usual and customary activities of daily living, such as Plaintiff's ability to chew on the right side of her mouth, speech, food consumption, and lip drooping. Lastly, Plaintiff asserts that Defendants did not obtain her informed consent for placement of the dental implant posts at teeth #29 and #30. Finally, Plaintiff's bill of particulars sets forth a claim sounding in the doctrine of res ipsa loquitur.

Contrary to the Plaintiff's claim, the Defendants contend, based on their handwritten records indicating the Plaintiff "changed her mind" about implants for teeth #29 and #30 and was a "no show" on June 22, 2017, that the surgery occurred on August 7, 2017.

Defendants now move for summary judgement pursuant to CPLR 3212 claiming that Dr. Kim neither deviated from acceptable standards of medical practice nor caused the injuries alleged by the Plaintiff.

805406/2019   PERALTA BERZOSA, LAURA C. vs. KIM DMD, LYVAN                    Page 2 of 9
Motion No.  002

[* 2]                                   2 of 9

## SUMMARY JUDGMENT AS TO THE MEDICAL MALPRACTICE

A defendant physician moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law by establishing the absence of a triable issue of fact as to his or her alleged departure from accepted standards of medical practice, or by establishing that the plaintiff was not injured by such treatment (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Frye v Montefiore Med. Ctr.*, 70 AD3d 15 [1st Dept 2009]; *McGuigan v Centereach Mgt. Group, Inc.*, 94 AD3d 955 [2d Dept 2012]; *Sharp v Weber*, 77 AD3d 812 [2d Dept 2010]; *see generally Stukas v Streiter*, 83 AD3d 18 [2d Dept 2011]). To satisfy this burden, a defendant must present expert opinion testimony that is supported by the facts in the record, addresses the essential allegations in the complaint or the bill of particulars, and is detailed, specific, and factual in nature (*see Roques v Noble*, 73 AD3d 204, 206 [1st Dept 2010]; *Joyner-Pack v. Sykes*, 54 AD3d 727 [2d Dept 2008]; *Koi Hou Chan v Yeung*, 66 AD3d 642 [2d Dept 2009]; *Jones v Ricciardelli*, 40 AD3d 935 [2d Dept 2007]). Furthermore, to satisfy his or her burden on a motion for summary judgment, a defendant must address and rebut specific allegations of malpractice set forth in the plaintiff's bill of particulars (*see Wall v Flushing Hosp. Med. Ctr.*, 78 AD3d 1043 [2d Dept 2010]; *Grant v Hudson Val. Hosp. Ctr.*, 55 AD3d 874 [2d Dept 2008]; *Terranova v Finklea*, 45 AD3d 572 [2d Dept 2007]).

In support of their motion for summary judgment, Defendants submit the expert affirmation of Peter Blauzvern, D.D.S. ("Dr. Blauzvern"), a practicing Dentist who opined, to a reasonable degree of medical certainty, that when Plaintiff presented to Dr. Kim for a root canal on August 7, 2017, the root canal was performed properly and within the standard of care. Any complaints thereafter of numbness quickly resolved. He further opines that the Plaintiff did not suffer facial nerve damage or lip drooping as a result of Dr. Kim's treatment based on "lip tests"

805406/2019   PERALTA BERZOSA, LAURA C. vs. KIM DMD, LYVAN                    Page 3 of 9
Motion No. 002

3 of 9

performed by Dr. Kim which yielded normal results. Plaintiff reported complaints of pain and discomfort on August 14, 2017, a week after her bridgework treatment. She did not have any complaints for five (5) months following her treatment, when she reported discomfort in the lower right lip in March 2018. Dr. Blauzvern opined that the fact that Plaintiff was able to withstand subsequent root canal treatment on teeth #s 27 and 28, indicates that she did not have pain as of March 2018.

Once Plaintiff began to make complaints of discomfort in the lower right lip in March 2018, Dr. Blauzvern opined that Dr. Kim appropriately and timely referred her to an oral surgeon and endodontist. He emphasized that prior to March 2018, there was nothing prompting Dr. Kim to refer Plaintiff to a specialist as she did not report any complaints for 5 months after her August visits.

Dr. Blauzvern also opined that Dr. Kim ordered all of the appropriate imaging studies preoperatively and post-operatively. He indicates that Dr. Kim took impressions pre-operatively in August 2017 and post-operatively in March 2018, for the bridge insertion and root canal treatment to teeth #s 27-30. Dr. Kim also took impressions pre-operatively in July 2018 and post-operatively in August 2018, for the root canal treatment to teeth #s 27 and 28, as well as took impressions in September 2018 for the placement of implants. Dr. Blauzvern explains that he was unable to take post-operative x-rays for the placement of implants because the Plaintiff never returned to complete the implant placement. As for Plaintiff's claims of failing to maintain accurate and complete records and negligently altering the Plaintiff's records, Dr. Blauzvern opined within a reasonable degree of dental certainty that Dr. Kim appropriately documented Plaintiff's complaints and treatment and the record appears complete. He further indicated there is no evidence of any altering.

805406/2019   PERALTA BERZOSA, LAURA C. vs. KIM DMD, LYVAN
Motion No. 002

Page 4 of 9

4 of 9

[* 4]

Based on the expert affirmation of Dr. Blauzvern, the Court finds that Defendants satisfied their prima facie burden of showing that the root canal was performed properly and within good and accepted dental practice on August 7, 2017, and did not proximately cause any of Plaintiff's injuries.

The burden now shifts to Plaintiff to demonstrate the existence of a triable issue of fact by submitting an expert's affidavit or affirmation attesting to a departure from accepted medical practice and that such departures were a competent producing cause of the Plaintiff's injuries (*see Roques*, 73 AD3d at 207; *Landry v Jakubowitz*, 68 AD3d 728 [2d Dept 2009]; *Luu v Paskowski*, 57 AD3d 856 [2d Dept 2008]). *Reid v Soults*, 138 AD3d 1087 [2d Dept 2016]; *see also Zuckerman v City of New York*, 49 NY2d 557 [1980]).

In the case at bar, Plaintiff's expert, Marc P. Gimbel, D.M.D., ("Dr. Gimbel"), a board-certified Endodontist, opines within a reasonable degree of dental certainty that Defendants' office records are highly suspect, do not accord with good and accepted practice for documenting and keeping patient records, and, therefore, are not accurate or reliable. Accordingly, Dr. Gimbel opines, inter alia, that: (1) the Plaintiff did in fact present to Defendants' office on June 22, 2017; (2) Defendant failed to perform bone grafting on Plaintiff's right lower jaw before performing surgery on June 22, 2017; (3) Defendant failed to identify and recognize the displaced IAN that was close to the surface of the bone; (4) she underwent an attempted placement of the dental implant post on this date, which involved surgically cutting the Plaintiff's gum at or near teeth #29 and #30; (5) Defendant failed to perform proper and sufficient neurosensory testing on the Plaintiff's right lower jaw; (6) Defendant failed to timely refer the Plaintiff to an oral surgeon and/or neurologist for prompt work-up and treatment of the injury to her IAN in the right lower

805406/2019   PERALTA BERZOSA, LAURA C. vs. KIM DMD, LYVAN
Motion No.  002

Page 5 of 9

5 of 9

[* 5]

jaw to prevent permanent and irreversible nerve damage; and (7) the surgery performed on this date was a proximate cause of the traumatic injury to the Plaintiff's right inferior alveolar nerve.

The Court finds that Plaintiff's expert raises triable issues of fact regarding whether the June 22, 2017 dental implant surgery at teeth #29 and #30 was attempted and aborted, and if performed whether Defendant departed from the standard of dental care and such deviations proximately caused Plaintiff's injuries, thus, rebutting the Defendants' prima facie entitlement to summary judgment (*see Johnson v St. Barnabas Hosp.*, 52 AD3d 286 [1st Dept 2008], appeal denied 11 NY3d 705 [2008]; *Landau v Rappaport*, 306 AD2d 446 [2d Dept 2003]; *Nabozny v Cappelletti*, 267 AD2d 623 [3d Dept 1999]; *Johnson v Jacobowitz*, 65 AD3d 610 [2d Dept 2009].

Additionally, the Court notes that while Dr. Blauzvern focuses his opinion on root canal and/or bridgework performed in August 2017 at teeth #27 and #28, Plaintiff demonstrates through her affidavit and expert affirmation that the surgery at issue took place on June 22, 2017. Specifically, contrary to Defendants handwritten office records that Plaintiff "changed her mind" about placing implants for teeth #29 and #30 and was a "no show" for the June 22, 2017 appointment, Plaintiff states at her deposition and in her affidavit, that she was in fact present at Defendants' office on June 22, 2017. In short, Plaintiff's sworn testimony calls into question the accuracy and reliability of Defendants' office records and raises genuine triable issues of fact as to the June 22, 2017 office appointment, whether a surgical procedure was performed on Plaintiff within the standard of dental care and whether the procedure resulted in severe nerve damage to her right lower mouth and jaw.

Based on the foregoing, the Court denies the branch of the Defendants' motion seeking summary judgment on the issue of medical malpractice.

805406/2019   PERALTA BERZOSA, LAURA C. vs. KIM DMD, LYVAN
Motion No.  002

Page 6 of 9

6 of 9

## SUMMARY JUDGMENT AS TO LACK OF INFORMED CONSENT

As to the branch of Defendant's motion moving for summary judgment on a lack of informed consent, it is well settled that a Defendant must demonstrate that the Plaintiff was informed of the alternatives to and the reasonably foreseeable risks and benefits of the treatment (*Henry v Bezalel Rehabilitation & Nursing Ctr.*, 2020 NY Slip Op30369(U) [Sup Ct, NY County 2020]; *Koi Hou Chan v Yeung*, 66 AD3d 642, 643 [2d Dept 2009]; *see also Smith v Cattani*, 2 AD3d 259, 260 [1st Dept 2003]

Here, the Court finds that the Defendants have met their burden in establishing the lack of informed consent since Defendants' expert, opines that Dr. Kim obtained Plaintiff's informed consent based on a signed consent form dated August 15, 2015 for root canal treatment which included risk of nerve injury and numbness that may be temporary or permanent in nature. A Defendant may satisfy his or her burden of demonstrating a prima facie entitlement to judgment as a matter of law in connection with such a cause of action where a patient signs a consent form indicating his or her understanding of the possible risks of the procedure along with corroborating medical records, such as in the present manner (*see Bamberg-Taylor v Strauch*, 192 AD3d 401, 401-402 [1st Dept 2021]). Thus, Dr. Blauzvern opines that Plaintiff was fully informed of and familiar with the risks of root canal treatment. Dr. Blauzvern also notes that the testimony of Dr. Kim, read together with a complaint letter sent to Plaintiff's insurance company, Aetna, show that Dr. Kim thoroughly discussed the root canal treatment with her and memorialize Plaintiff's informed consent.

Based on a review of the medical records, Plaintiff's expert, Dr. Gimbel, in opposition, opines that the formal signed consent forms for the dental procedure are non-existent. According to Dr. Gimbel, the Plaintiff's consent form signed in 2015 is too remote in time (2 years before the

805406/2019   PERALTA BERZOSA, LAURA C. vs. KIM DMD, LYVAN                    Page 7 of 9
Motion No.  002

7 of 9

[* 7]

surgery at issue) and, thus, is insufficient for obtaining Plaintiff's informed consent. Similarly, Dr. Gimbel opines that the consent form that the Plaintiff signed in 2019 is also insufficient because it was signed long after the surgery date. Based on Plaintiff's expert's review of the Defendants' office records, there is no formal signed consent form for the June 22, 2017 dental procedure.

Additionally, contrary to Dr. Blauzvern's opinion, Plaintiff testified that: (1) Defendant did not discuss the surgical plan with the Plaintiff before performing surgery on June 22, 2017; (2) Defendant did not discuss the risks of dental implant surgery or any viable alternatives, i.e. crown and bridgework instead of dental implants, for the missing teeth #29 and #30; and (3) Defendant repeatedly insisted on dental implants for these missing teeth.

Based on Plaintiff's evidentiary showing, the Court finds that the Plaintiff satisfied her burden of demonstrating the existence of triable issues of fact regarding the claim of lack of informed consent (*Rosario v Our Lady of Consolation Nursing & Rehab. Care Ctr.*, 186 AD3d 1426 [2d Dept 2020]; *Boston v Weissbart*, 62 AD3d 517 [1st Dept 2009]).

## SUMMARY JUDGMENT AS TO RES IPSA LOQUITOR

In order to invoke the doctrine of res ipsa loquitur, three criteria must be met: (1) The event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the Plaintiff (*see Dermatossian v New York City Transit Authority*, 67 NY2d 219, 501 NYS 2d 784 [1986]; *see also Kambat v St. Francis Hospital*, 89 NY2d 489, 655 NYS 2d 844 [1997]).

Based on Dr. Blauzvern's expert affirmation, the Court finds that the first prong of the res ipsa loquitur test has not been met since Plaintiff has failed to prove that nerve damage during a

805406/2019 PERALTA BERZOSA, LAURA C. vs. KIM DMD, LYVAN Page 8 of 9
Motion No. 002

8 of 9

root canal procedure does not ordinarily occur in the absence of negligence, therefore, dismissal is warranted.

Accordingly, it is hereby

**ORDERED**, that Defendants' motion for summary judgment is granted to the extent of dismissing Plaintiff's claims based on res ipsa loquitur, and in all other respects the motion is denied in its entirety; and it is further

**ORDERED** that the Plaintiff is to serve a copy of this order upon the Defendants with notice of entry within twenty (20) days of entry of this order; and it is further

**ORDERED,** that the parties are directed to appear for a settlement conference on September 2, 2025, at 2:30 pm, at 60 Centre Street, Room #351, New York, NY.

This constitutes the Decision and Order of the Court.

| 5/6/2025 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | KATHY J. KING, J.S.C | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER | |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

**805406/2019   PERALTA BERZOSA, LAURA C. vs. KIM DMD, LYVAN**
**Motion No.  002**